[Civ. No. 16356.   First Dist., Div. One.   Aug. 22, 1955.]

LEADORA O. PAGELS et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Philander Brooks Beadle and Morton L. Silvers for Appellants.

Dion R. Holm, City Attorney, and Robert M. Desky, Deputy City Attorney, for Respondent.

BRAY, J.—Plaintiffs appeal from a judgment of nonsuit based upon plaintiffs' opening statement.

### QUESTION PRESENTED

Does a police officer engaged in a lawful chase have a duty to sound the siren and flash the red light when his patrol car is so equipped, in order to warn drivers of other cars of the approach of the pursued car?

### OPENING STATEMENT

Police Officer Creeden, driving a black, unmarked police car equipped with proper siren and red light, observed at approximately Eighth Avenue and Fulton Street in San Francisco a Buick with license plates so bent as to be difficult to read. The Buick driver, disobeying the officer's signal to pull to the curb, speeded up Eighth Avenue. The officer followed and the chase covered several blocks and on several streets. As the cars approached the intersection of Seventh Avenue and Clement Street they were going between 60 and 65 miles an hour, and the police car was approximately 30 feet behind the other car. That location was in a shopping district where traffic was heavy. Crossing the intersection at a speed in excess of 60 miles an hour in heavy traffic, the pursued car followed closely by the police car continued a short distance down the block. There a car was pulling out of a supermarket. The pursued car sideswiped it, glanced off and then sideswiped a second car, bounced off and sideswiped a third car on the other side of the street. It then ricocheted head on into the car in which plaintiffs were riding, seriously injuring plaintiffs. The police car was able to avoid contact with any of the cars. The police car's red light was not flashed and the siren was not sounded at all, or if sounded, was so weak and inaudible as not to be heard by anyone in its area.

### DUTY

Plaintiffs contend that it was the duty of the operator of the police car to sound the siren and flash the light so as to give other cars on the street an opportunity to clear it and that as this duty was not performed, there was a question of fact for the jury as to whether the ultimate collision would have been avoided or the chain of causation broken, had such action been taken.

Section 454, Vehicle Code, provides in effect that the driver of a police car pursuing an actual or suspected violator of

the law, is exempt from the normal rules of the road if he sounds a siren as may reasonably be necessary and displays a lighted red lamp visible from the front. However, such drivers are not relieved "from the duty to drive with due regard for the safety of all persons using the highway, nor shall the provisions of this section protect any such driver from the consequences of an arbitrary exercise of the privileges declared in this section."

In *Draper* v. *City of Los Angeles,* 91 Cal.App.2d 315 [205 P.2d 46] (petition for hearing by Supreme Court denied), the police car was pursuing a car which had disregarded a boulevard stop. In crossing an intersection the pursued car, going about 60 to 70 miles an hour, struck the plaintiff's car. During the chase the police car did not approach the pursued car closer than 275 feet, and as the police car approached the intersection it slowed down and parked at the curb at the intersection. The plaintiffs claimed (1) that it was negligence for the police car not to be equipped with a siren, and (2) that the question whether the failure to sound a siren was a proximate cause of the accident should have been submitted to the jury. The court held that neither contention was sustainable. As to the first contention the court pointed out that section 671, Vehicle Code, provided " 'Any authorized emergency vehicle *may* be equipped . . .' " with a siren; that section 454 grants a privilege of exemption, if the vehicle is so equipped, and that under neither section is the vehicle *required* to be so equipped, and that failure to have the car equipped with a siren did not constitute negligence. As to the second contention the court said that it was not reasonably or at all necessary for the officers to give warning of their approach to the intersection as the undisputed evidence showed that they intended to, and did stop at the intersection. "The officers, of course, were not required to warn pedestrians or other drivers to keep out of the way of the Pratt car [the pursued car]. Pratt's actions were distinct from theirs and placed no responsibility upon them. It is true that he was endeavoring to escape from them and for that reason, perhaps, was driving recklessly but that was his affair, not theirs. Although the pursuit no doubt contributed somewhat to his reckless driving, the officers were under no duty to allow him to make a leisurely escape. There was no evidence whatever that they were endeavoring at the time to force his car to the curb. They owed no duty to plaintiffs except to operate their own car with due care and they fulfilled this

duty. The failure to have a siren on the car or to use one under the circumstances was not a violation of law. There was no evidence of negligence on the part of the officers. The court properly held as a matter of law that the negligence of Pratt was the sole cause of the accident." (Pp. 318-319.)

It would appear that the Draper case ruling is determinative here. True, as pointed out by plaintiffs, there was a difference in the facts of the two cases, in that in the Draper case the police car did not approach within 275 feet of the pursued car, while here the distance between cars was only about 30 feet, and in the Draper case the police car had stopped chasing the pursued car immediately before the accident occurred. However, as regards the holding that the police were not obligated to warn the public of the approach of the pursued car, those are minor differences. As there held, although the pursuit contributed somewhat to the pursued's reckless driving, the officers owed no duty to the plaintiffs except to operate their car with due care. It would make no difference whether within limits the pursuit was close or far. Nor does the fact that in the Draper case the police car was not equipped with siren and light, while the police car here was, make the Draper decision not applicable. That decision did not limit its holding that the officers owed the plaintiffs no duty to sound a warning to the fact that the car was not equipped with a siren, but also held that the actions of the driver of the pursued car were distinct from the actions of the officers and placed no responsibility on them, that as long as the officers operated their car with due care they met their duty. "The failure to have a siren on the car *or to use one* under the circumstances was not a violation of law." (P. 319; emphasis added.)

Section 671, Vehicle Code, which provides that an emergency vehicle may be provided with a siren states that it shall only be used in emergency including the immediate pursuit of an actual or suspected law violator, in which event the driver "shall sound said siren when necessary to warn pedestrians and other drivers of the approach *thereof*." (Emphasis added.) Plaintiffs in effect would have us add to this section "and of the pursued car." Had this been the intention of the Legislature it would have added those words, or, at least, would have made the presence of a siren compulsory. As to both siren and red light it has merely said that if the driver of a police car desires to be freed from the necessity of regarding certain rules of the road he must

sound a siren and flash a red light. Here the accident was not caused by any violation of the rules of the road by the police car (even though it was violating some of them). Hence there can be no liability for failing to do the things which would have been important had the accident been caused by the police car's violation of those rules. See *Richards* v. *Stanley,* 43 Cal.2d 60 [271 P.2d 23] (where it was held that an automobile owner who leaves it unattended and unlocked with the ignition keys in it is not liable for negligent operation of the automobile by one who steals it) for discussion to the effect that where a defendant owes no duty to a plaintiff there is no issue to be submitted to the jury. Also, the case points out that even though a certain result may have been foreseen (here it is contended that the officers should have foreseen that the pursued might have run into other cars) nevertheless there must be a duty before there can be liability—"there are many situations involving foreseeable risks where there is no duty." (P. 67.)

Cases like *Stone* v. *San Francisco,* 27 Cal.App.2d 34 [80 P.2d 175], *Lucas* v. *City of Los Angeles,* 10 Cal.2d 476 [75 P.2d 599], and *Raynor* v. *City of Arcata,* 11 Cal.2d 113 [77 P.2d 1054], holding municipalities liable for injuries caused by their emergency vehicles where the operators failed to sound the siren are not applicable here because in them the very cars which caused the accidents were the cars of the defendants.

Strictly speaking, the complaint did not charge negligence in failing to give warning of the approach of the pursued car. It charged negligence only in failing to give warning of the approach of defendant's car and alleged that defendant caused the pursuit car to collide with plaintiffs' automobile. Plaintiffs do not now contend that the fact that the police car was chasing the pursued car and thereby indirectly caused that car to increase its speed constituted negligence. As said in the Draper case, *supra,* "Although the pursuit no doubt contributed somewhat to his reckless driving, the officers were under no duty to allow him to make a leisurely escape." ('91 Cal.App.2d at p. 319.)

The nonsuit was properly granted. The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied September 21, 1955, and appellants' petition for a hearing by the Supreme Court was denied October 19, 1955.