[Civ. No. 20753. Third Dist. Apr. 30, 1982.]

CITY OF SACRAMENTO et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
JOHN D. GEORGE, Real Party in Interest.

COUNSEL

Memering & DeMers and Mark Hurst for Petitioners.

No appearance for Respondent.

White & White and Eugene E. White for Real Party in Interest.

OPINION

**REYNOSO, J.***—Petitioners City of Sacramento, Officer Kane, and Officer Lem, are defendants in a personal injury action brought by real party in interest John D. George. For convenience we will refer to the parties by their designations in the trial court. Defendants seek a peremptory writ of mandate directing the respondent superior court to vacate its order denying their motions for summary judgment, and to enter an order granting said motions. Defendants contend that they are immune from liability for negligence, that plaintiff is barred from recovery by the "fireman's rule," and that the officer defendants had no duty towards plaintiff, breached no duty, and did not cause plaintiff's injuries.

---

*Assigned by the Chairperson of the Judicial Council.

We hold that the officer defendants are immune from liability for negligence and we issue a peremptory writ of mandate on their behalf. We reject each of the contentions of the defendant city and deny its petition for a peremptory writ of mandate.

I

The factual framework of the underlying litgation is not in dispute. At about 11:20 p.m. on July 8, 1979, Sacramento City Police Officers Kane and Lem were standing outside of their patrol vehicle at the intersection of 10th Street and the K Street Mall. At that time they observed Carlos Michael Fajardo drive through a red light at that intersection. Kane and Lem entered their vehicle to pursue Fajardo, and somewhere between I and J Streets Kane claimed to have activated his red lights.

Fajardo had been drinking that night. When he passed through the intersection at 10th and K Streets he saw Officers Kane and Lem and rather stupidly decided to continue running red lights in the hopes of getting away. At about the time Fajardo reached the intersection of 10th and I Streets Officers Kane and Lem pulled out to give pursuit and Fajardo noticed them in his mirror. He nevertheless continued his course of action, running the red light at 10th and I Streets and attempting to run the red light at 10th and H Streets.

On the date in question plaintiff was a California Highway Patrol officer. He was still on duty at 11:20 p.m. while driving down H Street. As he drove down H Street he was parallel to a car driven by Stanley Yarbrough in the center lane and a Continental Trailways bus in the far right-hand lane. The bus blocked his line of vision to the right. The bus stopped at the intersection of 10th and H Streets, and Yarbough and plaintiff drove into the intersection. At that same time Fajardo was attempting to run the red light at that intersection and his vehicle glanced off Yarbrough's vehicle and struck plaintiff's patrol vehicle.

Plaintiff filed a personal injury suit against Fajardo, the city and Officers Kane and Lem. He alleges that Officers Kane and Lem were negligent in that they failed to activate their red lights and siren in their pursuit of Fajardo. The city, he claims, negligently entrusted a patrol vehicle to the officers, and failed to adequately train them as to the proper safety procedures for a vehicle chase.

## II

The applicable law begins with the Vehicle Code. Section 17004 provides: "A public employee is not liable for civil damages on account of personal injury to or death of any person or damage to property resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm or other emergency call." This section provides statutory immunity to Officers Kane and Lem under the circumstances of this case. (See *Brummett v. County of Sacramento* (1978) 21 Cal.3d 880, 883 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858].) Accordingly they were entitled to the entry of summary judgment in their favor.

Defendant City of Sacramento argues that it is entitled to immunity from liability in the circumstances of this case under Government Code section 815.2, subdivision (b), which provides that a public entity employer is immune from liability for the acts or omissions of an employee who is immune from liability. This contention has been specifically rejected by the Supreme Court in *Brummett v. County of Sacramento, supra.* Vehicle Code section 17001 provides that a public entity is liable for the negligent or wrongful act or omission in the operation of a motor vehicle by an employee within the scope of his employment. The specific provision for public entity liability in Vehicle Code section 17001 overrides the general derivitive immunity provided by Government Code section 815.2. (See *Brummett v. County of Sacramento, supra*, 21 Cal.3d at p. 885.)

## III

Alternatively, defendants contend that plaintiff is barred from recovery for personal injury due to negligence because at the time of the accident he was a highway patrol officer on duty. Defendant thus argues that the so-called "fireman's rule" precludes recovery.

The fireman's rule, which applies equally to police officers, finds its underpinnings in two principles. First, a person who, fully aware of the hazard created by the defendant's negligence, voluntarily confronts the

risk for compensation should not be allowed to recover for injuries due to the particular risk involved; and second, firemen and police officers receive appropriate compensation from the public which reflects the risk inherent in their work. (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 204-205 [142 Cal.Rptr. 152, 571 P.2d 609].) In short, since it is the police officer's business to deal with the hazard which occasioned his injury: "'... he cannot complain of negligence in the creation of the very occasion for his engagement.'" (*Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 359 [72 Cal.Rptr. 119].)

The policy reasons for the fireman's rule do not apply where an injury occurs due to negligence which is unrelated to the fireman or police officer's performance of his duties. This was recognized in *Walters* v. *Sloan, supra*, 20 Cal.3d. at page 202, footnote 2, in which the Supreme Court said: "Other negligent conduct or willful misconduct may create liability to the injured fireman or policeman. [Citations omitted.] Thus a police officer who, while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain an action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking." This dictum was reiterated in *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480, at page 486 [169 Cal.Rptr. 706, 620 P.2d 156]. In *Kocan* v. *Garino* (1980) 107 Cal.App.3d 291, at pages 295-296 [165 Cal.Rptr. 712], the Court of Appeal held that a policeman injured by a defective condition in the defendant's back yard during a chase of a suspect was not barred by the fireman's rule from bringing an action against the homeowner. The police officer's engagement at the time of the injury was due to factors wholly independent of the homeowner's asserted negligence. In *Hubbard* v. *Boelt, supra*, the Supreme Court noted, without disapproval, 'the holding in *Kocan* v. *Garino.* (28 Cal.3d at p. 486.)

The decisional law we have discussed leads us to the conclusion that, under the circumstances of this case, plaintiff is not barred from maintaining his action against defendants by the fireman's rule. His presence at the intersection in which the accident occurred was fortuitous and wholly independent of any conduct of Officers Kane and Lem and the suspect Fajardo. Although plaintiff was still on duty at the time of the accident, there was insufficient connection between the performance of his duties and the cause of his injuries to preclude recovery under the fireman's rule. We thus reject defendants' contention that the fireman's rule is applicable.

## IV

■ In order for damage to be compensable under a negligence theory there must be: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 488, p. 2749.) Defendants launch a wholesale defense—that they had no legal duty towards plaintiff, that they breached no duty, and that even if they could be considered negligent, their negligence was not the proximate cause of plaintiff's injuries.

■ Plaintiff bases his claim of negligence upon the asserted failure of Officers Kane and Lem to activate their red lights and/or siren. It is sufficient for our purposes to note that there has been shown conflicting evidence, and hence a factual question, as to whether the officers activated their red lights and siren, and if so at which point. We must therefore consider whether the failure to do so may result in liability under the circumstances presented here.

Vehicle Code section 21055 exempts authorized emergency vehicles from certain specified rules of the road under certain circumstances. A police vehicle is exempt from these rules of the road if it is being driven in response to an emergency call, while engaged in rescue operations, or is in the immediate pursuit of an actual or suspected violator of the law. The exemption under such circumstances applies "(b) If the driver of the vehicle sounds a siren as may be reasonably necessary and the vehicle displays a lighted red lamp visible from the front as a warning to other drivers and pedestrians." (Veh. Code, § 21055, subd. (b).) A siren is not to be sounded from an emergency vehicle except when required under section 21055. When a driver of an emergency vehicle complies with section 21055, he is exempt from the specified rules of the road, but not from the duty to drive with due regard for the safety of all persons using the highway. (Veh. Code, § 21056. See *Torres* v. *City of Los Angeles* (1962) 58 Cal.2d 35, 47 [22 Cal.Rptr. 866, 372 P.2d 906].) Moreover, the driver is not immune from the consequences of an arbitrary exercise of the privileges granted in section 21055. (Veh. Code, § 21056.)

The effect of Vehicle Code sections 21055 and 21056 is: where the driver of an authorized emergency vehicle is engaged in a specified emergency function he may violate certain rules of the road, such as speed and right of way laws, if he activates his red light and where nec-

essary his siren in order to alert other users of the road to the situation. In such circumstances the driver may not be held to be negligent solely upon the violation of specified rules of the road, but may be held to be negligent if he fails to exercise due regard for the safety of others under the circumstances. (See *Brummett* v. *County of Sacramento, supra*, 21 Cal.3d at p. 886.) Where the driver of an emergency vehicle fails to activate his red light, and where necessary his siren, he is not exempt from the rules of the road even though he may be engaged in a proper emergency function, and negligence may be based upon the violation of the rules of the road. (*Lucas* v. *City of Los Angeles* (1938) 10 Cal.2d 476 482-483 [75 P.2d 599].)

The purpose of Vehicle Code section 21055 is to avoid the presumption of negligence that arises from the violation of a safety rule or regulation. (See Evid. Code, § 669; 4 Witkin, Summary of Cal. Law, *supra*, § 533 *ff.*, p. 2797 *ff.*) In the absence of the exemption provided by that section the driver of an emergency vehicle would be presumed negligent whenever an injury occurred due to the violation of one of the normal rules of the road. Moreover, in view of the limited nature of the type of evidence which may rebut the presumption, the presumption would be tantamount to an irrebutable presumption. (See Evid. Code, § 669.) If the driver complies with Vehicle Code section 21055, however, no presumption will arise and ordinary negligence principles apply. (*Torres* v. *City of Los Angeles, supra*, 58 Cal.2d at p. 48.)

In view of the purpose and effect of Vehicle Code section 21055, we must conclude that that section has no application to the instant case. That section is concerned with whether negligence can be predicated upon the violation of a safety rule by the driver of an emergency vehicle. There can be no asserted liability due to the failure to comply with Vehicle Code section 21055 where the injury complained of was not caused by a violation of the rules of the road by the driver of an emergency vehicle. (See *Pagels* v. *City & County of S.F.* (1955) 135 Cal. App.2d 152, 155-156 [286 P.2d 877].) There is in this case no allegation or proof that plaintiff's injuries were caused by any violation of the rules of the road by Officers Kane and Lem. Vehicle Code section 21055 is thus irrelevant to the issue herein.

Plaintiff's claim of liability is based upon his contention that if Officers Kane and Lem had sounded their siren he would have heard it and would not have entered the intersection without looking to see whether it was clear. In order for the failure to sound their siren to constitute

actionable negligence it must be held that the officers had a duty to do so. Two older appellate decisions have rejected the imposition of such a duty. (*Draper* v. *City of Los Angeles* (1949) 91 Cal.App.2d 315 [205 P.2d 46]; *Pagels* v. *City & County of S.F., supra*, 135 Cal.App.2d 152.) Two more recent appellate decisions have purported to reaffirm the *Draper* and *Pagels* holdings. In *Bratt* v. *City and County of San Francisco* (1975) 50 Cal.App.3d 550, at page 554 [123 Cal.Rptr. 774], the Court of Appeal affirmed a judgment of nonsuit in an action based upon alleged negligence in the decision to pursue a fugitive vehicle. In *Reenders* v. *City of Ontario* (1977) 68 Cal.App.3d 1045, at page 1051 [137 Cal.Rptr. 736], the Court of Appeal affirmed a summary judgment in favor of the defendant city in an action based upon the alleged negligence of police officers in deciding and continuing to pursue a suspect. Each case purported to rely upon *Draper* and *Pagels*, and each case affirmed the continued validity of those decisions. In neither case, however, was the same issue present as in the case at bench.

We are not concerned herein, as were the courts in *Bratt* and *Reenders*, with an allegation that the decision to pursue a suspected lawbreaker constituted actionable negligence. The courts are in agreement that a public entity may not be held liable due to its police officers' decision to engage in a chase. (*Bratt, supra*, 50 Cal.App.3d 550, *Reenders, supra*, 68 Cal.App.3d 1045. See also *Gibson* v. *City of Pasadena* (1978) 83 Cal.App.3d 651, 661 [148 Cal.Rptr. 68].) We are herein concerned with an allegation that having decided to pursue the suspect the officers did so in a negligent manner by failing to sound their siren and flash their red lights.

*Draper* v. *City of Los Angeles, supra*, 91 Cal.App.2d 315, was decided in 1949, and *Pagels* v. *City & County of S.F., supra*, 135 Cal.App.2d 152, was decided in 1955. At those times the decisional law of this state provided extensive immunity to police officers pursuing a suspect. (See *Torres* v. *City of Los Angeles, supra*, 58 Cal.2d at p. 46.) Thus in *Lucas* v. *City of Los Angeles, supra*, 10 Cal.2d at page 483, it was said that a pursuing police officer was exempt from all of the rules of the road and need only give notice to others to yield to him the right of way. Those authorities proved too broad, however. In *Torres* v. *City of Los Angeles, supra*, the Supreme Court said: "We can attribute to the legislative intent, in addition to the requirement of an adequate warning to others using the highway, the further requirement that the driver of an emergency vehicle exercise that degree of care which, under all the circumstances, would not impose upon others an

unreasonable risk of harm." (58 Cal.2d at p. 47.) It is now settled that police officers pursuing a suspect have no special exemption from the duty to exercise due care for the safety of others, their exemption is from the presumption of negligence that would arise for the violation of a safety rule. (See *Brummett* v. *County of Sacramento, supra,* 21 Cal.3d at pp. 886-887.)

Does the duty to exercise due care for the safety of others during a vehicle pursuit include the duty to sound a siren or flash a red light to warn others of the approaching pursuit? The concept of duty, like that of proximate cause, limits the liability of a defendant where it is considered unjust to hold him liable. (See Prosser, Law of Torts (4th ed. 1971) ch. 7, § 42, p. 244.) In the absence of special factors or some relationship it is normally not the duty of one person to warn another of danger. But where the defendant has created the dangerous situation or stands in a relationship to the injured party such that he should warn of danger then the failure to warn may be considered actionable negligence. (See for example *Moore* v. *Miller* (1942) 51 Cal.App.2d 674, 680 [125 P.2d 576] [failure to sound horn to warn of approach of vehicle]; *Johnson* v. *State of California* (1968) 69 Cal.2d 782, 797 [73 Cal.Rptr. 240, 447 P.2d 352] [failure to warn a foster mother of the homicidal tendencies of a minor placed in her charge].)

The concept of duty is closely related to that of proximate cause. Indeed, Prosser says that every question arising in connection with proximate cause may be phrased as: ". . . was the defendant under a duty to protect the plaintiff against the event which did in fact occur?" (Prosser, *supra,* ch. 7, § 42, p. 244.) In cases such as this, where the immediate cause of the injury is the misconduct of a third person, the answer to this question must depend upon whether the hazard that the third person will cause injury to another is created by the conduct of the defendant. (See 4 Witkin, Summary of Cal. Law, *supra,* § 643, p. 2922.) Where the police officers engage in a vehicle pursuit and their pursuit causes the suspect to engage in a course of conduct creating a danger to other users of the highway, a jury could well conclude that the officers are negligent in failing to flash their red lights or sound their siren in order to alert other innocent parties to the approaching danger created by their pursuit. This is so because the officers are under a duty to exercise due care during a chase for the safety of innocent persons that may be injured. To the extent that the decisions in *Draper* v. *City of Los Angeles, supra,* 91 Cal.App.2d 315, and *Pagels* v. *City & County of S.F., supra,* 135 Cal.App.2d 152, hold that officers can never

be held negligent for the failure to flash a red light or sound a siren to warn other users of the highway of the approach of the pursuit, they are inconsistent with current decisional authority as set forth in *Torres* v. *City of Los Angeles, supra*, 58 Cal.2d 35, and *Brummett* v. *County of Sacramento, supra*, 21 Cal.3d 880.

 The record on motion for summary judgment presented a strong case for a finding that the officers were not negligent. The evidence tended to show that Fajardo saw the officers when he ran the red light at the intersection of 10th and K Streets and at that time set out upon his course of dangerous driving. The officers set out to give pursuit but by the time they pulled out into the street Fajardo had already run another red light and was at least a block and one-half away. Under this view of the record it would not appear that the officers created the dangerous situation by pursuit of Fajardo, and hence they would have no duty to warn others of his approach. Nevertheless, plaintiff presented some evidence to support a contrary finding. Although Fajardo was vague and inconsistent at times in his deposition, he did indicate that he decided to run the final red light because he saw the officers pursuing him. On motion for summary judgment it is not the court's function to assess the probability that the plaintiff may prevail; it is enough that the plaintiff point to some evidence which supports his claim. Plaintiff herein has done so, and the motion for summary judgment was properly denied on this ground.

Defendant's final argument is that the alleged failure of Officers Kane and Lem to sound their siren was not the cause in fact of plaintiff's injuries. They assert that Fajardo would not have stopped for a red light and siren, and that plaintiff could not have heard a siren or seen a red light. While there was evidence to support such an argument, Fajardo in his deposition stated that he was watching for a red light and would have stopped had he seen one. Plaintiff submitted a declaration in which he stated that he had his radio off and his window rolled down, and that he could have heard a police siren from three blocks away. This evidence creates a factual conflict to be resolved by the trier of fact and the motion for summary judgment was properly denied on this ground.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its decision denying the motion for summary

judgment of Officers Kane and Lem and to enter an order granting said motion. The petition for a peremptory writ of mandate of the defendant City of Sacramento is denied.

Puglia, P. J., and Evans, J., concurred.