[No. A029899. First Dist., Div. Three. Apr. 10, 1985.]

CITY OF SAN JOSE et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
LORRAINE MARTINEZ et al., Real Parties in Interest.

## COUNSEL

Ronald M. Whyte and Hoge, Fenton, Jones & Appel for Petitioners.

No appearance for Respondent.

Gregg L. Kays, Popelka, Allard, McCowan, Jones & Howard, Lee Edward Poel and Poel & Kavalaris for Real Parties in Interest.

## OPINION

**SCOTT, J.**—Petitioners, the City of San Jose and two police officers, are defendants in a personal injury and wrongful death action brought by plaintiffs Lorraine and William Martinez. Petitioners seek a peremptory writ of mandate directing the trial court to vacate its order denying their motion for judgment on the pleadings and to issue an order granting that motion. Petitioners contend they were immune from liability for injuries caused when a vehicle being chased by police collided with plaintiffs' vehicle.

### I

Plaintiffs' complaint alleges that San Jose Police Officers George Ingraham and Thomas Harris, having encountered a vehicle driving 49 miles per hour in a 25-mile-per-hour zone, engaged in a negligent high-speed chase of the vehicle at speeds up to 100 miles per hour through a residential neighborhood. The chase ended when the speeder's vehicle broadsided the vehicle of plaintiff Lorraine Martinez. She was severely injured in the crash, while her two-month-old fetus and her son were killed.

Among others named as defendants are petitioners, the City of San Jose and the two police officers.[1] Petitioners moved for judgment on the pleadings based on governmental immunity. The motion was denied, and this

---

[1]Merry Oldsmobile, Inc., owner of the vehicle stolen and driven by the suspect, was sued in a separate action which has been consolidated with the suit against petitioners. Merry Oldsmobile has joined with plaintiffs in opposing petitioners in this court.

petition followed. Petitioners rely on Government Code section 845.8 as construed in *Kisbey* v. *State of California* (1984) 36 Cal.3d 415 [204 Cal.Rptr. 428, 682 P.2d 1093] and urge that they are absolutely immune from liability.[2] To consider whether there is a conflict between *Kisbey* and this court's opinion in *Duarte* v. *City of San Jose* (1980) 100 Cal.App.3d 648 [161 Cal.Rptr. 140], this court issued the alternative writ. We conclude that although the individual officers are immune from liability, the City of San Jose is not.

## II

■ A public employee is not liable for damages on account of injury resulting from the operation, in the line of duty, of an authorized emergency vehicle in the immediate pursuit of an actual or suspected violator of the law. (Veh. Code, § 17004.) Notwithstanding that employee immunity, a public entity is liable for injuries proximately caused by negligent acts or omissions in the operation of any motor vehicle by an employee of the public entity, acting within the scope of his or her employment. (Veh. Code, § 17001; *Brummett* v. *County of Sacramento* (1978) 21 Cal.3d 880, 884-886 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858].) In *Brummett,* the Supreme Court held that the County of Sacramento was subject to liability for injuries allegedly proximately caused by its officers' failure to exercise due care for the safety of others on the road during a high-speed pursuit of a suspected felon. (*Id.,* at pp. 886-887.)

In *Brummett,* the police were driving the vehicle which collided with that of the victim; therefore the court had no need to discuss the immunity of public entities provided by Government Code section 845.8. In contrast, in *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, the victim was struck by a drunk driver fleeing in a police car. Officers had arrested that driver, but left him unattended in their car, with its motor running. The drunk driver sped off in the police car, pursued by two other police cars. He struck and seriously injured Duarte, who brought a personal injury action against the city and several officers. He alleged that the officers negligently operated their vehicles both by leaving one vehicle unattended with the drunk driver inside, and by driving other vehicles in a high speed pursuit. Both the city and the officers argued that they were immunized by

---

[2]Government Code section 845.8 is included in the California Tort Claims Act (Gov. Code, § 810 et seq.) and provides in relevant part: "Neither a public entity nor a public employee is liable for:

" . . . . . . . . . . . . . . . . . .

"(b) Any injury caused by:

"(1) An escaping or escaped prisoner;

"(2) An escaping or escaped arrested person; or

"(3) A person resisting arrest."

Government Code section 845.8, and the trial court granted summary judgment in their favor. (*Duarte* v. *City of San Jose, supra,* at pp. 652-653.)

This court agreed that the individual officers were immune from liability. (*Id.,* at pp. 653-654.) We then acknowledged the apparent conflict between the seemingly absolute grant of immunity provided to public entities and their employees by section 845.8 of the Tort Claims Act and the equally unconditional public entity liability imposed by Vehicle Code section 17001. We pointed out that the purpose of Vehicle Code section 17001, which is to hold a public entity financially accountable for its employees' torts committed with a motor vehicle during the scope of their employment, would be thwarted by the application of the Tort Claims Act immunity. (*Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d at p. 656.) In addition, we concluded that holding the city responsible for injuries caused by the negligent operation of its police vehicles would not offend any public policy underlying the immunity provided by Government Code section 845.8. We therefore concluded that section 845.8 did not shield the city from liability under the facts of the case, even though an escaping arrested person was involved. (*Duarte, supra,* at pp. 656-657.)

While the fleeing arrestee in *Duarte* was driving a police vehicle, *City of Sacramento* v. *Superior Court* (1982) 131 Cal.App.3d 395 [182 Cal.Rptr. 443] involves facts more similar to those in the instant case. Police officers saw F. drive through a red light, and pursued him. F. sped through several red lights, and struck the vehicle of G., injuring him. G. filed a personal injury action against the city and the officers, alleging that the officers were negligent in their pursuit of F. Summary judgment for the defendants was denied. The appellate court held that although Vehicle Code section 17004 provided statutory immunity to the officers, the city was subject to liability pursuant to Vehicle Code section 17001. (*City of Sacramento* v. *Superior Court, supra,* at p. 400.) Whether the officers were negligent and if so, whether their negligence was the proximate cause of G.'s injuries were questions of fact which could not be resolved on summary judgment. (*Id.,* at pp. 405-406.) The applicability of Government Code section 845.8 was not discussed.

In 1984, the Supreme Court decided *Kisbey* v. *State of California, supra,* 36 Cal.3d 415, upon which petitioners rely. In that case, San Francisco police officers arrived at 10:30 p.m. at a service station in response to a call about a serious disturbance. As they arrived, a Ford left the premises, without lights and against a red light. After learning from a witness that the Ford had been involved in the disturbance, the officers followed the car, which was weaving through traffic without lights, and stopped it. They parked behind the Ford and got out of their vehicle to investigate. They

intended to question the Ford's occupants and cite the driver for traffic violations; they did not know the nature of the occupants' involvement in the altercation at the service station. As the officers reached the front of their own car, the Ford sped off; within seven to ten seconds, it broadsided another car, seriously injuring Kisbey. Kisbey filed an action against the city, among others, alleging that the failure of the officers to detain and immobilize the driver of the Ford when they stopped it breached a duty of care to third persons such as Kisbey.

The trial court granted nonsuit for the city, and the Supreme Court affirmed, on the ground that both the officers and the city were immune under Government Code section 845.8. The court explained that as originally enacted, section 845.8 provided immunity only for injury caused by an escaping or escaped prisoner, but that the Legislature eventually amended the statute to extend the immunity to include persons resisting or escaping from arrest. The court then declared: "*It seems clear that the purpose of the broadening amendment to subdivision (b) was to immunize public entities and employees from the entire spectrum of potential injuries caused by persons actually or about to be deprived of their freedom who take physical measures of one kind or another to avoid the constraint or to escape from it.* It would plainly violate the legislative intent if particular words of the statute—such as 'arrest' or 'resisting'—were given such technical meanings that a case fell between the cracks of the immunity because, for example, the police had not intended a full arrest—as distinguished from a temporary detention—when the subject fled, or because at the time of the escape the process had not reached the point of physical control over the suspect." (*Id.*, 36 Cal.3d at p. 419, italics added.)

Ignoring *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, petitioners rely on *Kisbey* and contend that Government Code section 845.8 is a specific immunity statute which supersedes liability under Vehicle Code section 17001. In effect, petitioners' argument is that although the Supreme Court in *Kisbey* did not mention Vehicle Code section 17001 or *Duarte,* it effectively disapproved of that case with its broad pronouncement that Government Code section 845.8 was intended to immunize public entities and employees from "the entire spectrum of potential injuries caused by persons actually or about to be deprived of their freedom . . . ."

■ We recognize that a later Supreme Court decision may overrule prior appellate court decisions which directly conflict with it, whether such prior decisions are mentioned and commented upon or not. (*In re Lane* (1962) 58 Cal.2d 99, 105 [22 Cal.Rptr. 857, 372 P.2d 897].) ■ However, language in any opinion is to be understood in light of the facts and the issue before the court (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39

Cal.Rptr. 377, 393 P.2d 689]), and broad language in any case must be distinguished from its narrow holding. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 668 [125 Cal.Rptr. 757, 542 P.2d 1349].) We have already detailed the facts in *Kisbey*. To reiterate, when the officers walked toward the Ford, they intended to question its occupants about the disturbance at the station and cite the driver for traffic violations. At that point, the Ford sped away, and collided with Kisbey's car. When we consider the court's language in light of those facts, it seems apparent that the court held only that the immunity of Government Code section 845.8 was applicable whether the officers intended an arrest or only a temporary detention of the driver of the Ford, and even if the process had not reached the point of physical control over the suspect. (*Kisbey v. State of California, supra,* 36 Cal.3d at p. 419; see also pp. 423-424 [dis. opn. by Bird, C. J.].) We conclude that notwithstanding the sweep of the *Kisbey* court's language, its narrow holding does not conflict with either *Duarte v. City of San Jose, supra,* 100 Cal.App.3d 648 or *City of Sacramento v. Superior Court, supra,* 131 Cal.App.3d 395.[3]

■ Accordingly, the city was not immune from liability for the conduct of its officers, and the trial court correctly denied its motion for judgment on the pleadings. Whether the officers' conduct was negligent, and whether that negligence proximately caused plaintiffs' injuries are questions of fact. (*City of Sacramento v. Superior Court, supra,* 131 Cal.App.3d at pp. 405-406.)

■ However, the trial court erred in denying judgment on the pleadings in favor of Officers Ingraham and Harris. As we have already indicated, they are immune from liability. (Veh. Code, § 17004; Gov. Code, § 845.8, subd. (b); *Brummett v. County of Sacramento, supra,* 21 Cal.3d at p. 883; *Duarte v. City of San Jose, supra,* 100 Cal.App.3d at p. 654; *City of Sacramento v. Superior Court, supra,* 131 Cal.App.3d at p. 400.)

Relying on Vehicle Code section 21056, plaintiffs contend that this immunity applies only when the employee drives with due regard for the safety

---

[3] We note too that *Duarte, City of Sacramento v. Superior Court, Brummett v. County of Sacramento, supra,* 21 Cal.3d 880, and Vehicle Code section 17001 were all discussed in the briefs to the Supreme Court in *Kisbey*. In Kisbey's petition for rehearing, he urged inter alia that the court had overlooked his claim that the officers' alleged failure to comply with the procedures in their training manual with respect to vehicle stops amounted to negligent operation of their vehicle. In response, the city argued inter alia that Vehicle Code section 17001 was simply inapplicable to the facts of the case; the police were not operating a motor vehicle when Kisbey was injured. We can only conclude that the *Kisbey* court agreed with the city, and did not intend by its expansive pronouncement to disapprove *Duarte* and its analysis of the relationship between Vehicle Code section 17001 and Government Code section 845.8.

of all persons using the highways. The contention is without merit. Section 21056 and its companion, section 21055, only establish driving standards for emergency vehicles; they do not set rules for immunity. Even if the driver of an emergency vehicle does not comply with section 21056, only the public entity may be liable for the resultant injury. (See *Brummett* v. *County of Sacramento, supra,* 21 Cal.3d at pp. 885-886; *Gibson* v. *City of Pasadena* (1978) 83 Cal.App.3d 651, 656-658 [148 Cal.Rptr. 68].)

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order denying the motion for judgment on the pleadings of Officers Ingraham and Harris and to enter an order granting their motion. The petition for peremptory writ of mandate of the City of San Jose is denied.

White, P. J., and Barry-Deal, J., concurred.

The application of petitioner City of San Jose for review by the Supreme Court was denied June 20, 1985.