Opinion
 

 CHIN, J.
 

 A sheriff’s deputy pursues a speeding motorist but fails to activate his car’s siren or lights. The motorist runs a red light at high speed, colliding with another car and killing or injuring its passengers. Is the deputy personally liable to the car’s passengers for asserted negligence in failing to activate his siren or lights? As will appear, we conclude that the deputy is statutorily immune from suit under Vehicle Code section 17004,
 
 [1]
 
 which immunizes public employees from civil damages resulting from their operation of emergency vehicles in immediate pursuit of an actual or suspected violator of law. Accordingly, we need not reach the question whether the deputy owed or breached any common law or statutory duty of care toward the car’s passengers.
 

 Roberto Cruz, Roberto Carlos Cruz, and Andrea Leticia Cruz-Pineda (collectively, plaintiffs) sued the County of Los Angeles (County) and
 
 *570
 
 County Sheriff’s Deputy John Briseno for wrongful death and personal injury occurring when an automobile that Bruce Scott Ogbum was driving and Briseno was pursuing ran a red light and collided with a vehicle that plaintiffs’ decedent, Leticia Cruz Pineda, was driving. The trial court granted summary judgment in favor of Briseno and the County on the grounds that they owed no duty of care to plaintiffs and that, in any event, they were immune from liability under, respectively, sections 17004 and 17004.7.
 

 On appeal, the Court of Appeal held that although the trial court correctly ruled the County was immune from suit (see § 17004.7, subd. (b) [immunity of public agency adopting appropriate written policy on vehicular pursuits]), a triable issue existed whether Briseno acted negligently,
 
 and forfeited his personal immunity under section 17004,
 
 by failing to activate his lights and siren during the pursuit. As will appear, we disagree with the latter holding and conclude that as a matter of law Briseno retained his statutory immunity.
 

 Factual and Procedural Background
 

 The following uncontradicted facts are taken largely from the Court of Appeal opinion. On November 8, 1995, plaintiffs filed a complaint for damages for wrongful death and personal injury against the County, Briseno, and Ogbum. The complaint alleged that on or about November 25, 1994, decedent Cruz Pineda was driving with her children in the City of Paramount in the County. Briseno, a County sheriff’s deputy, allegedly was driving a marked police emergency vehicle. He allegedly negligently followed and/or pursued a vehicle negligently driven by Ogbum. Ogbum was traveling at a high rate of speed and failed to stop for a red traffic signal, which caused his vehicle to collide with that in which Cmz Pineda and her children were riding. As a result of the collision, Cruz Pineda died, and her children sustained injuries. Plaintiffs filed a claim with the County under the Government Code, and the County rejected it.
 

 On or about August 8, 1996, defendants Briseno and the County filed a motion for summary judgment in the present action. The motion argued that they owed no duty to plaintiffs and that even if they did, they were immune from suit under sections 17004 and 17004.7. That motion was supported by Briseno’s declaration, which showed that on November 25, 1994, he was on duty in a marked sheriff’s emergency patrol vehicle equipped with functioning emergency overhead lights and a siren. At approximately 11:00 a.m., Briseno was monitoring traffic with a radar gun on Compton Boulevard in the City of Bellflower. He saw a 1970 Chevrolet El Camino traveling westbound on Compton Boulevard at a high rate of speed. Briseno clocked the El Camino on radar at 55 miles per hour in a posted 35-miles-per-hour
 
 *571
 
 zone. He formed the opinion that the driver of the El Camino was violating the speed laws (§ 22350) and followed the vehicle with the intention of issuing the driver a citation for excessive speed. As the speeding driver approached the intersection of Somerset Boulevard and Downey Avenue, Briseno opined that the driver would not stop for the red traffic signal. Indeed, the El Camino failed to stop for the red light and collided with the vehicle driven by plaintiffs’ decedent in the intersection. Decedent was killed in the collision.
 

 In Briseno’s witness statement appended to the vehicle accident report, he stated, inter alia, that while he was following the El Camino, he observed it begin to change lanes. At that time he did not know whether Ogbum was in a hurry or was trying to evade him. As Ogbum approached the intersection, Briseno noticed that the westbound signal light was red. He observed Ogbum change from the number 2 lane into the number 1 lane and enter the intersection against the red light. At that time, Briseno felt that Ogbum was trying to evade him.
 

 The court granted defendants’ motion for summary judgment on the ground that neither Briseno nor the County owed a duty of care to plaintiffs and, in any event, both defendants were immune from liability under sections 17004 and 17004.7. The court entered judgment for Briseno and the County.
 

 Plaintiffs subsequently brought a motion for new trial based on information from Ogbum’s criminal trial, where Briseno testified that he had not activated his lights, that Ogbum was “weaving” in and out of traffic, and that the speeding and weaving constituted a hazardous activity. Plaintiffs also submitted an investigator’s declaration that Ogbum told him he ran the red light while trying to evade a black and white Los Angeles sheriff’s patrol car immediately before the collision. The trial court denied the motion, finding “no evidence of any change in [Ogbum’s] driving pattern; maybe a change of lane, but there was nothing that would suggest that the driving was altered because of the existence of the deputy sheriff behind the driver. fl[] And on that basis, I don’t think that the statement attributed to the driver that he wouldn’t have entered the intersection but for that reason changes any of that.”
 

 As previously indicated, on plaintiffs’ appeal, the Court of Appeal affirmed the trial court’s ruling that the County was immune from suit under section 17004.7, based on declarations showing that, before November 25, 1994, it had adopted a written policy regarding emergency driving and the safe conduct of vehicular pursuits by deputy sheriffs. Plaintiffs did not file a
 
 *572
 
 petition for review of the Court of Appeal’s holding in the County’s favor, and, accordingly, the County has not appeared before us to defend that appellate ruling, despite plaintiffs’ attempt to raise it in their answer to Deputy Briseno’s petition for review. For that reason, we do not address the issue here.
 

 Although the Court of Appeal devoted substantial analysis to the issue of Briseno’s duty of care, we need not reach that largely factual issue if we find him immune under section 17004 as a matter of law. As will appear, we believe that application of the immunity provision is clear. Accordingly, as we have done in prior cases for purposes of judicial economy, we elect to proceed directly to the immunity issue. (See, e.g.,
 
 Caldwell
 
 v.
 
 Montoya
 
 (1995) 10 Cal.4th 972, 978, fn. 3 [42 Cal.Rptr.2d 842, 897 P.2d 1320];
 
 Kisbey v. State of California
 
 (1984) 36 Cal.3d 415, 418 [204 Cal.Rptr. 428, 682 P.2d 1093];
 
 Nunn
 
 v.
 
 State of California
 
 (1984) 35 Cal.3d 616, 622, fn. 4 [200 Cal.Rptr. 440, 677 P.2d 846].)
 

 Discussion
 

 Section 17004 provides in pertinent part: “A public employee is not liable for civil damages on account of personal injury to or death of any person or damage to property resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law 99
 

 The language of section 17004 is clear and unambiguous in immunizing public employees such as Deputy Briseno from civil liability for injuries incurred while in pursuit of an actual or suspected lawbreaker such as Ogbum. Although plaintiffs argue that a triable issue exists as to whether defendant Briseno was in “immediate pursuit” of Ogbum, the facts alleged in this case clearly indicate that, by the time the accident occurred, Briseno was in immediate pursuit of Ogbum, a suspected traffic offender whom Briseno had been following and who, moments earlier, had run a red light in his presence. Contrary to plaintiffs’ argument, section 17004 does not by its terms require the immediate pursuit to involve an actual “emergency” situation, as opposed to a mere “routine traffic stop” to issue a citation.
 

 Does section 17004 withhold immunity in cases involving negligent pursuit? As several appellate decisions have held, the statute contains no provision for loss of immunity due to the officer’s negligent or intentional conduct during the pursuit, including his supposedly negligent failure to activate lights or sirens. (See
 
 Weaver v. State of California
 
 (1998) 63 Cal.App.4th 188, 202 [73 Cal.Rptr.2d 571] [§ 17004 immunity extends to pursuing officers despite their deliberate conduct in ramming vehicle in
 
 *573
 
 which the plaintiff was riding];
 
 City of San Jose v. Superior Court
 
 (1985) 166 Cal.App.3d 695, 698, 701 [212 Cal.Rptr. 661] [immunity despite possible negligence by pursuers];
 
 City of Sacramento
 
 v.
 
 Superior Court
 
 (1982) 131 Cal.App.3d 395, 400 [182 Cal.Rptr. 443] [immunity despite negligent failure to activate red lights and siren];
 
 Bratt v. City and County of San Francisco
 
 (1975) 50 Cal.App.3d 550, 553 [123 Cal.Rptr. 774]; cf. Gov. Code, §§ 820.2 [discretionary acts immunity], 845.8, subd. (b) [immunity of public entities or their employees from liability for injuries caused by escapees or persons resisting arrest].)
 

 Nonetheless, the Court of Appeal in the present case held that a triable issue existed regarding Briseno’s immunity. As the court stated, “In
 
 City of Sacramento v. Superior Court, supra,
 
 131 Cal.App.3d 395, the court applied section 17004 to immunize the pursuing police officers even though they failed to activate their lights and sirens. However,
 
 Brummett
 
 v.
 
 County of Sacramento
 
 (1978) 21 Cal.3d 880, 886 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858] found that the officers in that case could rely on section 17004 because ‘they were in immediate pursuit with the sirens and flashers on so as to satisfy section 21055.’ We find that the
 
 Brummett
 
 case is controlling and there is a triable issue of fact regarding whether Briseno activated his lights and siren and is thereby entitled to immunity under section 17004.”
 

 Careful examination of our
 
 Brummett
 
 decision discloses the source of the Court of Appeal’s confusion. In
 
 Brummett,
 
 we were concerned solely with the liability
 
 of a county
 
 for the assertedly negligent acts of its officers in pursuing a fleeing suspect at high speeds. Significantly, we initially observed that
 
 the officers
 
 were themselves immune from suit under section 17004 “[s]ince at the time of the accident, [they] were in their patrol cars in active pursuit of a suspected bank robber . . . .”
 
 (Brummett v. County of Sacramento, supra,
 
 21 Cal.3d 880, 883 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858], fn. omitted
 
 (Brummett).)
 
 This sentence alone should have signaled the Court of Appeal here regarding the scope of public employee immunity under section 17004.
 

 In
 
 Brummett,
 
 we then turned to the issue of
 
 the county’s
 
 liability, noting that section 17001 makes a public entity liable for its employee’s negligence in operating a motor vehicle.
 
 (Brummett, supra,
 
 21 Cal.3d at p. 883.) We confirmed that, by reason of section 17001, the county would not be immune from suit simply because the officers themselves were immune, and we addressed the question whether these officers were negligent “so as to create liability on the part of the county” under section 17001.
 
 (Brummett, supra,
 
 21 Cal.3d at p. 885.)
 

 In appraising the possible negligence of the officers, we observed in
 
 Brummett
 
 that section 21055 “exempt[s]” the driver of an emergency vehicle
 
 *574
 
 from various traffic safety laws of the Vehicle Code if, as in
 
 Brummett,
 
 the officer sounds a siren and displays a lighted red lamp as a warning to other drivers.
 
 (Brummett, supra,
 
 21 Cal.3d at p. 886.) We then stated (perhaps somewhat imprecisely) that section 17004 “relieves” the officers in that case “of liability since they were in immediate pursuit with the sirens and flashers on so as to satisfy section 21055.”
 
 (Brummett, supra,
 
 21 Cal.3d at p. 886.) We did not intend this language to suggest that the officers’ immunity under section 17004 might depend on their use of sirens "and lights, but only that their use of this equipment would exempt them from the traffic safety laws by virtue of section 21055. (See
 
 City of San Jose v. Superior Court, supra,
 
 166 Cal.App.3d at p. 702 [“Section 21056 and its companion, section 21055, only establish driving standards for emergency vehicles; they do not set rules for immunity. Even if the driver . . . does not comply with.section 21056, only the public entity may be liable for the resultant injury.”].) .
 

 In
 
 Brummett,
 
 we concluded that despite the officers’ exemption from the traffic laws,
 
 the county
 
 still might be liable if the officers failed to act with due care as required by section 21056 (general duty to drive with due regard for safety of all highway users).
 
 (Brummett, supra,
 
 21 Cal.3d at p. 886.) We found a triable issue of fact whether the officers acted with due care under section 21056.
 
 (Brummett, supra,
 
 21 Cal.3d at p. 887; see also
 
 City of Sacramento
 
 v..
 
 Superior Court, supra,
 
 131 Cal.App.3d at pp. 402-403 [explaining that although § 21055 prevents a finding of negligence per se based on the employee’s violation of specific traffic laws, § 21056 allows a finding of negligence despite the exemption from these laws, based on the employee’s failure to exercise due care].)
 

 In short, nothing we said in
 
 Brummett,
 
 and nothing contained in section 21055 or 21056, would call into question Deputy Briseno’s immunity under section 17004 from civil liability for injuries incurred while he pursued Ogburn. The trial court correctly found the deputy immune from plaintiffs’ suit in this case.
 

 The judgment of the Court of Appeal is reversed.
 

 George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Brown, J., concurred.
 

 [1]
 

 All further statutory citations are to the Vehicle Code unless otherwise indicated.