Filed 2/19/15  Thomas v. Treisman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| JOSH THOMAS, | F068936 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 13CECG02175) |
| DOUGLAS TREISMAN et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Josh Thomas, in pro. per., for Plaintiff and Appellant.

Daniel C. Cederborg, County Counsel, and Michael R. Linden, Deputy County Counsel, for Defendants and Respondents.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Peña, J. and Smith, J.

This is an appeal from a judgment of the Superior Court of Fresno County entered in favor of respondents Douglas Treisman and T. Worthington Vogel.

Appellant Josh Thomas, an inmate, filed a lawsuit against Treisman and Vogel, inter alios, on July 8, 2013. Thomas claimed that the pair—over the course of several parole hearings held between 2007 and 2012—portrayed him as an "'unreasonable risk'" and "'unpredictable,'" described his criminal offense as "'heinous,'" "'dispassionate,'" and "'calculated,'" prepared false documents, failed to provide a reporter's transcript, delayed a hearing for almost one year, and engaged in other conduct that infringed upon his various rights under state and federal law.[1] At the time of the alleged incidents, Treisman and Vogel were deputy district attorneys.

On October 3, 2013, Treisman and Vogel filed a demurrer on the basis of immunity. In the final judgment filed January 29, 2014, the superior court sustained the demurrer without leave to amend.

## DISCUSSION

Appellate review of a judgment sustaining a demurrer entails a de novo examination of the complaint to determine whether the facts alleged were sufficient to state a cause of action under any legal theory. (*Protect Agricultural Land v. Stanislaus County Local Agency Formation Com.* (2014) 223 Cal.App.4th 550, 557.) For this purpose, we "accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 672; see *Esparza v. County of Los Angeles* (2014) 224 Cal.App.4th 452, 459 ["'Where the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense."'"].) On appeal, the plaintiff bears the burden of demonstrating that the superior court erred in

---

[1] Appellant raised a *Bivens* claim, inter alia. (See generally 42 U.S.C. § 1983; *Bivens v. Six Unknown Fed. Narcotics Agents* (1971) 403 U.S. 388.)

2.

sustaining the demurrer. (*Brown v. Crandall* (2011) 198 Cal.App.4th 1, 8; *Vaughn v. LJ Internat., Inc.* (2009) 174 Cal.App.4th 213, 219.)[2]

A defendant may raise immunity as the basis for a demurrer. (See, e.g., *Creason v. Department of Health Services* (1998) 18 Cal.4th 623; *Caldwell v. Montoya* (1995) 10 Cal.4th 972 (*Caldwell*).) "An 'immunity' is '[a]ny exemption from a duty [or] liability ….' [Citation.] It '"avoids liability in tort under all circumstances, within the limits of the immunity itself; it is conferred, not because of the particular facts, but because of the status or position of the favored defendant; and it does not deny the tort, but [rather] the resulting liability…." [Citation.]' [Citation.]" (*Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 378.) "When the law grants an immunity, it does not mean that the defendant's conduct is not tortious, but rather that the defendant is absolved from liability." (*Ibid.*) Generally, a court first determines whether the defendant owes a duty to the plaintiff before it determines whether the defendant is immune. (*Caldwell*, *supra*, at p. 978, fn. 3 ["'duty before immunity'" doctrine].) However, it may elect to proceed directly to the immunity issue on the grounds of expediency and judicial economy. (*Cruz v. Briseno* (2000) 22 Cal.4th 568, 572; *Caldwell*, *supra*, at p. 978, fn.3; *Kisbey v. State of California* (1984) 36 Cal.3d 415, 418; see *Cruz v. Briseno*, *supra*, at p. 572 ["Although the Court of Appeal devoted substantial analysis to the issue of [defendant]'s duty of care, we need not reach that largely factual issue if we find him immune … as a matter of law. As will appear, we believe that application of the immunity provision is clear."].)

We conclude that the superior court correctly sustained respondents' demurrer. First, with respect to appellant's state law claims, under the Government Claims Act (Gov. Code,[3] § 810 et seq.), "[e]xcept as otherwise provided by statute, a public

---

**2** We note that the record before us does not contain the original complaint.

**3** Unless otherwise indicated, subsequent statutory citations refer to the Government Code.

employee[4] is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused" (*id.*, § 820.2).  Section 820.2 "confers immunity … to those 'basic policy decisions' which have been committed to coordinate branches of government" (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 793), including parole determinations (*Johnson v. State of California* (1968) 69 Cal.2d 782, 795; see Cal. Code Regs., tit. 15, § 2030, subd. (d)(2) ["The role of the prosecutor [at parole hearings] is to comment on the facts of the case and present an opinion about the appropriate disposition."]).

Furthermore, section 845.8, subdivision (a), expressly provides:  "Neither a public entity nor a public employee is liable for:  [¶] … [a]ny injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release."  (See *Johnson v. State of California*, *supra*, 69 Cal.2d at p. 795, fn. 9; *Leyva v. Nielsen* (2000) 83 Cal.App.4th 1061, 1066 [specific immunity set forth under § 845.8, subd. (a), is part of § 820.2's general discretionary immunity].)

Second, with respect to appellant's *Bivens* claim (*ante*, fn. 1), although state statutory immunity provisions do not apply to federal civil rights actions (*Guillory v. County of Orange* (9th Cir. 1984) 731 F.2d 1379, 1382), "'[a]bsolute immunity is generally accorded to … prosecutors functioning in their official capacities'" (*Brown v. California Dept. of Corrections* (9th Cir. 2009) 554 F.3d 747, 750; see *Milstein v. Cooley* (2001) 257 F.3d 1004, 1007 [passage of 42 U.S.C. § 1983 did not abrogate preexisting

---

**4**     "'Public employee' means an employee of a public entity."  (§ 811.4.)  "'Public entity' includes the state, … county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."  (§ 811.2.)  Prosecuting attorneys are public employees.  (See, e.g, *Miller v. Filter* (2007) 150 Cal.App.4th 652, 666; *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1436; *Johnson v. City of Pacifica* (1970) 4 Cal.App.3d 82, 85-86.)

immunities at common law]; *Caldwell*, *supra*, 10 Cal.4th at p. 979 ["The common law of California long provided that a governmental official has personal immunity from lawsuits challenging his or her discretionary acts within the scope of authority…. The immunity was absolute, and it protected an official 'notwithstanding malice or other sinister motive.'"]). In California, this immunity covers parole recommendations "because parole decisions are a continuation of the sentencing process" (*Brown v. California Dept. of Corrections*, *supra*, 554 F.3d at p. 750) and the state "provides for the prosecutor's advocacy role in parole proceedings" (*id.* at p. 751, citing Cal. Code Regs., tit. 15, § 2030, subds. (a)(3) & (d)(2)).

Treisman and Vogel attended and participated in Thomas's parole hearings in their official capacities as deputy district attorneys. Therefore, they were entitled to absolute immunity. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment of the superior court is affirmed. Costs on appeal are awarded to respondents.