**Martha C. WEST, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV 84–7950–DWW.**

United States District Court,
C.D. California.

Sept. 23, 1985.

Grace E. Emery, Santa Ana, Cal., for plaintiff.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civ. Div., Eugene Kramer, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM

DAVID W. WILLIAMS, Senior District Judge.

Martha West brings this action under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) alleging that she was injured in a collision which was caused by negligence on the part of governmental agents during a high-speed pursuit. On January 19, 1983 immigration agents working the San Clemente checkpoint stopped a person suspected of smuggling at a secondary area for questioning. The automobile sped away and two of the agents took off in pursuit. They traveled approximately 10 miles on Highway 5 and then saw a number of brake lights flashing ahead of them. When they came upon the scene they found that the pursued car had made a dangerous lane change and had struck several automobiles also northbound, including that of the plaintiff. Plaintiff seeks to hold the government liable for her damages and injury upon the theory that the officers' pursuit of the suspect was reckless and created a danger to the other users of the highway, thereby breaching their statutory duty to drive with due regard for the safety of all persons using the highway.

In order for damage to be compensable under a negligence theory there must be (1) a legal duty to use due care; (2) breach of the legal duty; and (3) the breach must be the proximate cause of the injury. *City of Sacramento v. Superior Court,* 131 Cal. App.3d 395, 402, 182 Cal.Rptr. 443 (1982). This case involves two questions: First, can public entities be held liable for damages arising from the collision of a pursued

suspect's vehicle with that of an innocent motorist? Second, at what point do police officers breach a duty of care by failing to discontinue a high-speed chase?

## LEGAL DUTY

A public entity can be held liable for injuries proximately caused by its employees who negligently operate a motor vehicle in the course of their employment. Cal.Veh.Code § 17001. Drivers of authorized emergency vehicles who sound a siren and display a red lighted signal, have a further legal duty to drive with due regard for the safety of all persons using the highway and in a manner that does not impose an unreasonable risk of harm. Cal. Veh.Code §§ 21055, 21056; *Brummett v. County of Sacramento*, 21 Cal.3d 880, 886, 148 Cal.Rptr. 361, 582 P.2d 952 (1978). When this duty is breached, a public entity will be held liable, even if it was the pursued motorist who collided with the victim. *Stark v. City of Los Angeles*, 168 Cal. App.3d 276, 282, 283, 214 Cal.Rptr. 216 (1985); *See City of San Jose v. Superior Court*, 166 Cal.App.3d 695, 697, 698, 212 Cal.Rptr. 661 (1985); *City of Sacramento v. Superior Court, supra*, 131 Cal.App.3d, at 405, 182 Cal.Rptr. 443; *Duarte v. City of San Jose*, 100 Cal.App.3d 648, 656, 161 Cal.Rptr. 140 (1980).

One rationale for imposing such liability is that the officers have created a foreseeable risk of harm. For example, in *Stark v. City of Los Angeles, supra*, 168 Cal. App.3d, at 281, 214 Cal.Rptr. 216, a Los Angeles police officer who had observed the commission of a traffic violation gave chase at forty (40) miles per hour in a twenty-five (25) miles per hour residential zone. The fleeing motorist made a squealing left turn, sped through two stop signs and a yield sign before broadsiding the plaintiff's car. At the point of impact, the police vehicle was about 500–600 feet away. The California Court of Appeal affirmed the city's liability for its police officer's negligence in failing to sound its siren or discontinue the chase. *Id.* at 281, 289, 214 Cal.Rptr. 216.

The court affirmed that the failure to discontinue pursuit could be evidence of lack of due care. More importantly, the court also reasoned that one who creates a foreseeable peril has a legal duty to protect and/or warn innocent third persons of misconduct by another. *Id.* at 283, 214 Cal. Rptr. 216. When the officers gave chase, they created the danger of the suspect's fleeing at high speeds because he was being pursued. Under these circumstances the officers were negligent in failing to activate the siren to warn plaintiff, even if they delayed only fifteen (15) seconds. *Id.* at 285, 214 Cal.Rptr. 216.

Similarly, in *City of Sacramento v. Superior Court, supra*, 131 Cal.App.3d, at 399, 406, 182 Cal.Rptr. 443, police officers observed a suspected drunk driver pass through a red light. By the time the officers pulled away from the curb, the driver had proceeded through another red light and was at least a block and one-half away. He was attempting to run a third red light when he collided with plaintiff's car. Plaintiff charged that the officers had failed to activate their warning lights and siren during the pursuit.

The court held that police officers may be negligent in failing to alert innocent parties to the impending danger, where the police chase has caused a suspect to engage in a course of conduct which threatens the safety of users of the highway. *Id.* at 405, 182 Cal.Rptr. 443. Accordingly, the Court of Appeal sustained the trial court's denial of the city's motion for summary judgment because a factual issue existed as to whether the officers actually created the dangerous situation. While some evidence indicated that the drunk driver had already commenced a dangerous pattern of driving before the officers started their chase, the suspect testified that he decided to run the final red light because he saw the officers pursuing him. *Id.* at 406, 182 Cal.Rptr. 443.

A second major reason for imposing liability even when the fleeing motorist collides with the plaintiff arises from the public policy considerations underlying Cal.

Veh.Code § 17001. Thus, in *City of San Jose v. Superior Court, supra,* 166 Cal. App.3d, at 687, 212 Cal.Rptr. 661, after observing a suspect motorist driving at forty-nine (49) miles per hour in a twenty-five (25) miles per hour zone, the police engaged in a high-speed chase at speeds of up to one hundred (100) miles per hour.

The court decided not to immunize the city merely because a fleeing suspect was at the wheel. To do so would thwart Veh. Code § 17001's legislative purpose of holding public entities financially accountable for their employees' torts committed within the scope of employment. *Id.* at 699, 212 Cal.Rptr. 661.

■ In the instant case the United States Government is not immune from liability merely because the fleeing illegal alien collided with the plaintiff. Rather, just as in *Stark v. City of Los Angeles, supra,* 168 Cal.App.3d, at 285, 214 Cal. Rptr. 216, the Border Patrol agents may have created the dangerous situation of the illegal alien's high-speed and reckless flight. The suspect may have initiated a dangerous pattern of conduct by speeding away from the Border Patrol checkpoint. However, his subsequent decisions to overtake motorists using the median strip and make a dangerous lane change were arguably the result of the chase. Like, in *City of Sacramento v. Superior Court, supra,* 131 Cal.App.3d, at 406, 182 Cal.Rptr. 443, the drunk driver attempted to run the red light because he saw the officers pursuing him.

It is therefore necessary to determine if the Border Patrol agents' conduct in failing to discontinue the chase was negligent.

### BREACH OF LEGAL DUTY

Whether a law enforcement officer's conduct during a chase constituted a breach of his legal duty to use due care and whether that breach proximately caused the plaintiff's injuries are questions of fact for the trier of fact. *City of San Jose v. Superior Court, supra,* 166 Cal.App.3d, at 702, 212 Cal.Rptr. 661.

There is a strong public policy favoring the apprehension of fleeing criminals which should not be thwarted by imposing undue safety measures on law enforcement officers. However, the cited cases illustrate that there is an equally competing policy of holding public entities financially accountable when in the course of such pursuits, police officers do not show due regard for the safety of all persons using the highway.

■ Although under certain circumstances the conduct of the pursuing officers can support a finding of negligence attributable to their employer arising out of a high-speed chase, I conclude that under the facts of this case judgment should be rendered in the favor of the defendant for at least the following reasons: The officer driving the pursuing vehicle was an ex-pilot in the air force who had thereafter been specially trained in driver-pursuit upon taking employment with the immigration agency. He had engaged in two to three pursuits a week and testified that there have been occasions when he has stopped the pursuit because because of weather conditions or the safety of others.

On January 19, 1983 the officer was driving a car equipped with a light and siren and was pursuing on the four-lane freeway which was mostly flat and straight. His lights were flashing constantly and he used his siren as it was needed. Traffic was moderate and the weather was not an endangering factor. The chase was not upon surface streets which are characterized by stop signals and intersections, and there was no point before the actual happening of the accident at which any erratic driving on the part of the pursued vehicle would have warned the officers that a continuation of the chase would spell danger to others.

Law enforcement officers are often charged with the duty of pursuing the automobile of a suspect, and liability should not automatically attach to the carrying out of these duties as long as the officers acts are not reckless and as long as it reasonably appears to them that the

chase can result in the arrest of the suspect without posing undue risks to others. Any other rule would seriously hamper law enforcement and would encourage persons under suspicion to drive rapidly away from the presence of officers, knowing that they would not be pursued. It should also be borne in mind that once such a chase is commenced and the suspect knows he is being pursued, the abandonment of the officers of the pursuit is not always communicated to the suspect so as to have him cease his reckless forward motion.

In the instant case there was no event that happened before the actual collision which would have served to warn the pursuing officers that a continuation of the chase would involve danger to others earlier than the maneuvering by the suspect which in fact caused the collision and the injury. I find therefore that the officers had a legal obligation to commence the chase; that the possibility of a collision between either the pursued car or the officers' car with the automobile of innocent persons was minimized because the chase took place on a freeway; that the officers made no observation of reckless driving on the part of the pursued vehicle (other than high speed) prior to the collision with plaintiff, and that up to then no act occurred that should have triggered a decision on the part of the officers to abandon the chase out of a consideration of safety to others.

· Judgment is ordered in favor of the defendant.

Pursuant to Rule 52(a) F.R.C.P. this memorandum shall constitute the Findings by the Court.