[No. S038958. May 1, 1995.]

PELE THOMAS, Plaintiff and Appellant, v.
CITY OF RICHMOND et al., Defendants and Respondents.

**COUNSEL**

Beatrice Taines and Gail A. Fritschle for Plaintiff and Appellant.

Gerald A. Clausen as Amicus Curiae on behalf of Plaintiff and Appellant.

Gibbons, Lees & Edrington, Gibbons, Lees & Conley, Peter P. Edrington, A. Byrne Conley and Peter A. Urhausen for Defendants and Respondents.

Jayne W. Williams, City Attorney (Oakland), Randolph W. Hall, Assistant City Attorney, Todd A. Boley, Deputy City Attorney, Coble & Palmer, Martin J. Mayer and Paul R. Coble as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**ARABIAN, J.**—Police officers give chase to a suspect fleeing on foot who ignores the command to halt. He is struck by a squad car in pursuit. Is the public entity that employed the officers immune from liability under Government Code section 845.8 for any ensuing injury? We conclude that section does not provide immunity for liability created by Vehicle Code section 17001, and accordingly affirm the Court of Appeal.

### FACTS

On the evening of September 4, 1990, Richmond police officers responded to a report of two men with shotguns or rifles at the corner of Sixth Street and Pennsylvania Avenue in Richmond. Plaintiff Pele Thomas and a friend were standing at that same corner. Upon seeing the police, Thomas and the friend fled despite a police order to "halt, stop." Thomas did not appear to be carrying either a rifle or a shotgun. A chase ensued. For Thomas, the chase ended when one of the pursuing police vehicles hit him in the street, rendering him a quadriplegic.

Thomas sued the City of Richmond (Richmond) and the officer who drove the vehicle that hit him. The superior court granted summary judgment in favor of both defendants, finding them immune from liability for Thomas's injuries under Government Code section 845.8 and Vehicle Code section 17004. Thomas appealed.

The Court of Appeal agreed that the individual officer was immune, but reversed as to Richmond. After reviewing the applicable statutes, it concluded that a city is not immune if its police officers act negligently or intentionally use excessive force while pursuing a fleeing suspect. Because there were triable issues of fact as to these questions, the court held, summary judgment should have been denied.

We granted Richmond's petition to review whether "a city [is] immune from liability pursuant to Government Code section 845.8 for injuries arising

from an auto accident between a pursuing police car and the fleeing suspect."

## DISCUSSION

### A. *Background*

The tort liability of public entities in California is governed by statute. (*Peterson* v. *San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 809 [205 Cal.Rptr. 842, 685 P.2d 1193].) "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov. Code, § 815.) "Government Code section 810 et seq., referred to as the California Tort Claims Act of 1963, generally define the liabilities and immunities of public entities and public employees. While the act is the principal source of such liabilities, other statutory sources exist." (*Duarte* v. *City of San Jose* (1980) 100 Cal.App.3d 648, 653 [161 Cal.Rptr. 140].)

One statutory source outside the California Tort Claims Act of 1963 (hereafter Tort Claims Act) is Vehicle Code section 17001, which provides: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment." Thomas relies on this provision as a "statute" imposing liability on a "public entity." (See Gov. Code, § 815.)

The superior court and Court of Appeal both found the individual officer immune from liability under Vehicle Code section 17004, which provides: "A public employee is not liable for civil damages on account of personal injury to or death of any person or damage to property resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm or other emergency call." Thomas does not dispute this conclusion, and it is not now before us. We decide only whether the public entity, Richmond, is also immune.

A public entity, as the employer, is generally liable for the torts of an employee committed within the scope of employment if the employee is liable. (Gov. Code, § 815.2, subd. (a); *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 208-210 [285 Cal.Rptr. 99, 814 P.2d 1341].) This case presents the reverse question, whether the public entity can be liable even

though the individual employee is immune. In general, the answer is no. *"Except as otherwise provided by statute*, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (Gov. Code, § 815.2, subd. (b), italics added.) There are, however, statutory exceptions.

In *Brummett* v. *County of Sacramento* (1978) 21 Cal.3d 880 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858], two police officers, in separate vehicles, were pursuing a suspected felon at high speed. One of the police vehicles hit a third party's pickup truck. An occupant of the truck sued. We held that the officers were immune from liability under Vehicle Code section 17004. (21 Cal.3d at p. 883.) However, we rejected the claim that Government Code section 815.2, subdivision (b), similarly immunized the county. We found that public entity liability was "otherwise provided by statute," namely Vehicle Code section 17001. (*Brummett* v. *County of Sacramento*, *supra*, 21 Cal.3d at pp. 883-885.)

Because of our holding in *Brummett* v. *County of Sacramento*, *supra*, 21 Cal.3d 880, Richmond does not rely on Government Code section 815.2 as providing immunity. Rather, it relies on the different immunity contained in Government Code section 845.8 (hereafter sometimes section 845.8), which was not before us in *Brummett*. As relevant here, section 845.8 provides: "Neither a public entity nor a public employee is liable for: [¶] . . . [¶] (b) Any injury caused by: [¶] . . . [¶] (2) An escaping or escaped arrested person; or [¶] (3) A person resisting arrest."[1]

Although section 845.8 expressly refers only to an "escaping or escaped *arrested* person" and a "person resisting *arrest*" (italics added), we have held that it also applies to a person, like Thomas, who is merely being detained. (*Kisbey* v. *State of California* (1984) 36 Cal.3d 415, 418-419 [204 Cal.Rptr. 428, 682 P.2d 1093].) Thomas does not challenge this holding or argue that it does not apply to an attempted detention. But he makes two arguments why that statute does not apply to this case: (1) the immunity it grants, like the immunity of Government Code section 815.2, subdivision (b), is subject to the public entity liability imposed by Vehicle Code section 17001; and (2)

---

[1]In its entirety, section 845.8 provides: "Neither a public entity nor a public employee is liable for:

"(a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release.

"(b) Any injury caused by:

"(1) An escaping or escaped prisoner;

"(2) An escaping or escaped arrested person; or

"(3) A person resisting arrest."

his injuries were not "caused by" him within the meaning of section 845.8, subdivision (b). We agree with the first argument and, therefore, find it unnecessary to consider the second.

B. *Vehicle Code section 17001 and Government Code section 845.8*

Vehicle Code section 17001 is not a general liability statute, but one that specifically imposes liability upon a "public entity." (See Gov. Code, § 815.) Government Code section 845.8 and Vehicle Code section 17001 do not expressly state how each affects the other.

Three Court of Appeal decisions have concluded that the liability of Vehicle Code section 17001 prevails over the immunity of Government Code section 845.8. In the first, *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, a police officer arrested a driver who appeared intoxicated, and placed him in the back of a police vehicle. The officer initially hand-cuffed the driver, but removed the handcuffs when the driver complained they were painful. When the officer got out of the police vehicle to help move the driver's car, the driver got into the driver's seat of the police vehicle and sped away. At least two other police cars gave chase and the intoxicated driver hit and seriously injured the plaintiff in the plaintiff's front yard. The Court of Appeal found that despite section 845.8, the City of San Jose could be held liable under Vehicle Code section 17001 for the negligence of its officers. (100 Cal.App.3d at pp. 656-657.) Such negligence, the court held, could be predicated on either "the officers' conduct of the chase" or the failure to adequately restrain the driver in the first place. (*Id.* at p. 657.)

In both the second and third cases, the police chased a driver who hit an innocent third party plaintiff. These decisions held that *Duarte* survived our later decision of *Kisbey* v. *State of California, supra,* 36 Cal.3d 415. (*Stark* v. *City of Los Angeles* (1985) 168 Cal.App.3d 276, 285-287 [214 Cal.Rptr. 216]; *City of San Jose* v. *Superior Court* (1985) 166 Cal.App.3d 695 [212 Cal.Rptr. 661].)

The rationale of *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, was summarized in *City of San Jose* v. *Superior Court, supra,* 166 Cal.App.3d at page 699: "We . . . acknowledged the apparent conflict between the seemingly absolute grant of immunity provided to public enti-ties and their employees by section 845.8 of the [Government Code] and the equally unconditional public entity liability imposed by Vehicle Code sec-tion 17001. We pointed out that the purpose of Vehicle Code section 17001, which is to hold a public entity financially accountable for its employees'

torts committed with a motor vehicle during the scope of their employment, would be thwarted by the application of the Tort Claims Act immunity. [Citation.] In addition, we concluded that holding the city responsible for injuries caused by the negligent operation of its police vehicles would not offend any public policy underlying the immunity provided by Government Code section 845.8. We therefore concluded that section 845.8 did not shield the city from liability under the facts of the case, even though an escaping arrested person was involved. [Citation.]"

In arguing that the immunity of section 845.8 prevails, Richmond cites Government Code section 815, which provides in pertinent part: "Except as otherwise provided by statute: [¶] . . . [¶] (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person." The legislative committee comment to section 815 states: "In the following portions of this division, there . . . are many sections granting public entities and public employees broad immunities from liability. . . . [U]nder subdivision (b) of this section, *the immunity provisions will as a general rule prevail over all sections imposing liability.* [¶] Where the sections imposing liability or granting an immunity do not fall into this general pattern, the sections themselves make this clear." (Legis. committee com., 32 West's Ann. Gov. Code (1980 ed.) foll. § 815, p. 169, italics added.)

■ Richmond argues that nothing in either section 845.8 or Vehicle Code section 17001 suggests that the general pattern does not apply, and thus nothing is "otherwise provided by statute" to make inapplicable the general rule of Government Code section 815, subdivision (b), that immunity provisions will prevail over those imposing liability. The court in *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d at page 656, disagreed: ". . . Government Code section 815, subdivision (b), provides that the liability '*established by this part* (commencing with Section 814) is subject to *any* immunity of the public entity provided by statute, including this part . . .' (Italics added.) No similarly explicit language declares that the liabilities imposed *outside the Tort Claims Act* are subject to *any* immunity established by the act." (Italics by the court; but see Cal. Government Tort Liability Practice (Cont.Ed.Bar 1992) § 2.15, p. 84 ["[I]mmunity statutes included within the Tort Claims Act will generally prevail over otherwise applicable liabilities created by statutes outside the Tort Claims Act."].)

Richmond also cites language in other provisions of the Tort Claims Act. Three other statutes involving different immunities expressly state that they

*do* yield to the liability of Vehicle Code section 17001. Government Code section 844.6 generally provides immunity for injuries by and to prisoners, but subdivision (b) of that section states, "Nothing in this section affects the liability of a public entity under Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code." Government Code section 850.4, in pertinent part, provides immunity "except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires." Government Code section 854.8 generally provides immunity for injuries by and to a patient of a mental institution, but subdivision (b) of that section contains the same limiting language as subdivision (b) of Government Code section 844.6. By contrast, section 845.8 does not refer to Vehicle Code section 17001. Richmond argues that, because some immunities are expressly subject to Vehicle Code section 17001, an immunity like that of section 845.8 that does not contain such language is not subject to that liability.

In the abstract, this argument may have supported a different result in *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648. For example, in *County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479 [105 Cal.Rptr. 374, 503 P.2d 1382], the heirs of a person killed by prisoners who had escaped from a county jail sued the County of Sacramento for negligence. The county claimed immunity under the same section 845.8 at issue here. The plaintiff argued that although section 845.8 provided immunity for *discretionary* acts, the immunity did not extend to *ministerial* acts. We disagreed. "The immunity granted in section 845.8, subdivision (b), is absolute in terms and must be given effect 'unless it clearly appears that the language used is contrary to what, beyond question, was the intent of the Legislature.' [Citation.]" (*County of Sacramento* v. *Superior Court, supra,* 8 Cal.3d at p. 482.) We found it significant that, while the section 845.8 immunity was unqualified, numerous other immunity provisions were qualified. Some excluded immunity "with respect to ministerial acts or omissions . . . ." (8 Cal.3d at p. 482, fn. omitted.) Because of this, we found, "it must be assumed that if the Legislature had intended that there be any such exclusion of immunity with respect to section 845.8, subdivision (b), it would have so provided. Under the circumstances, it is apparent that the Legislature intended the clear, unambiguous exclusion provided for in section 845.8, subdivision (b), to be an absolute exclusion." (*Id.* at p. 483.)

This rationale arguably applies here: if the Legislature had intended the immunity of section 845.8 to yield to Vehicle Code section 17001, it would have said so, as it did with other immunities. But at this late date, we need not, and do not, determine whether *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, was correct when decided. In 1985, the decisions in *Stark* v.

*City of Los Angeles, supra,* 168 Cal.App.3d 276, and *City of San Jose* v. *Superior Court, supra,* 166 Cal.App.3d 695, both of which involved police vehicular pursuits, reaffirmed *Duarte* in light of our intervening decision of *Kisbey* v. *State of California, supra,* 36 Cal.3d 415. In 1987, the Legislature enacted Vehicle Code section 17004.7 in apparent reaction to these decisions or at least to issues raised by the subject of police chases. Subdivision (b) of that section provides: "A public agency employing peace officers which adopts a written policy on vehicular pursuits complying with subdivision (c) is immune from liability for civil damages for personal injury to or death of any person or damage to property resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle."[2] This legislation has substantially changed the legal situation.

Vehicle Code section 17004.7 now provides immunity in cases like *Stark* v. *City of Los Angeles, supra,* 168 Cal.App.3d 276, and *City of San Jose* v. *Superior Court, supra,* 166 Cal.App.3d 695, and, to the extent liability was predicated on the police pursuit, *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, if, *but only if,* the specified written policy is adopted. In effect, the Legislature has overruled those cases, but only in part. As stated in *Colvin* v. *City of Gardena* (1992) 11 Cal.App.4th 1270, 1277, at footnote 7 [15 Cal.Rptr.2d 234], a case involving a third party killed by a car being pursued by the police, "If the immunity provision of Government Code section 845.8, subdivision (b), were controlling, the adoption of a vehicular pursuit policy pursuant to section 17004.7 would be largely an idle act." Although the Legislature stated that the immunity of Vehicle Code section 17004.7 is "in addition to any other immunity provided by law" (Veh. Code, § 17004.7, subd. (a)), three appellate decisions had already declared that section 845.8 did *not* provide immunity. If the Legislature wanted to overrule those decisions entirely, it could have done so. Instead, it modified the law stated in those decisions, and impliedly approved them to the extent it did not modify them. "We may not now overturn that legislative action." (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27] [partial legislative overruling of a decision prevents courts from overruling it entirely].)

Richmond cites two other cases in support of its position. In *Kisbey* v. *State of California, supra,* 36 Cal.3d 415, police officers stopped a vehicle

---

[2]Subdivision (a) of Vehicle Code section 17004.7 provides: "The immunity provided by this section is in addition to any other immunity provided by law. The adoption of a policy by a public agency pursuant to this section is discretionary." Subdivision (c) states the requirements of the written policy, and subdivision (d) states that whether a policy complies with these requirements "is a question of law for the court."

and parked behind it. While the officers approached the stopped vehicle, it sped away. A few seconds later, traveling at a high rate of speed, it hit the vehicle in which the plaintiff was riding. The plaintiff sued, among others, the City and County of San Francisco. We found that defendant immune under section 845.8. We held that a 1970 amendment to subdivision (b) of that section, which added immunity for an injury caused by an "escaping or escaped arrested person" or a "person resisting arrest," extended to a person being detained. In a discussion Richmond stresses, we also stated that it "seems clear that the purpose of the broadening amendment to subdivision (b) was to immunize public entities and employees from the *entire spectrum* of potential injuries caused by persons actually or about to be deprived of their freedom who take physical measures of one kind or another to avoid the constraint or to escape from it." (*Kisbey* v. *State of California, supra*, 36 Cal.3d at p. 419, italics added.) Although this broad language arguably supports Richmond's position, we had no occasion to consider the relevance of Vehicle Code section 17001. "Since at the moment of the escape [in *Kisbey* v. *State of California, supra*, 36 Cal.3d 415], the officers were no longer driving, Vehicle Code section 17001 did not come into play." (*Hooper* v. *City of Chula Vista* (1989) 212 Cal.App.3d 442, 451 [260 Cal.Rptr. 495].) *Kisbey* does not address the interplay of section 845.8 and Vehicle Code section 17001.

The other case Richmond cites, *Hooper* v. *City of Chula Vista, supra*, 212 Cal.App.3d 442, is the closest factually. There, Chula Vista police officers sought to detain a 17-year-old motorcyclist. The motorcyclist fled, and a high-speed chase followed. It ended when the motorcyclist lost control of his motorcycle after, according to the plaintiff's theory, which was disputed, it was rear-ended by a pursuing police vehicle. "Cycle and rider slid under [a different] police car, which came to a stop upon impact." (*Id.* at p. 446.) The motorcyclist died a few days later of injuries sustained in the accident, and his mother sued the City of Chula Vista for wrongful death and negligent infliction of emotional distress.

The Court of Appeal reversed a jury verdict for wrongful death in favor of plaintiff, finding the immunity of section 845.8 prevailed over the liability of Vehicle Code section 17001. Although recognizing that *Kisbey* v. *State of California, supra*, 36 Cal.3d 415, was not directly on point, it found its discussion of the policy behind section 845.8 to be persuasive. "A suspect leading a chase has the power to bring it to a halt by submitting to the authority of the officers to detain, question, and/or arrest him, however unpleasant such a submission might be to him. Having created the conditions which led to the danger of injury, a suspect should not be heard to complain of injuries incurred in the chase which he began. Moreover, even though

some police negligence might take place during the pursuit, the immunity provided by section 845.8 would nevertheless apply. This follows from the reasoning that immunity questions do not even arise until a duty of care and potential liability are found to otherwise exist." (*Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d at pp. 454-455.)

Rather than disagree with *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, and its progeny, *Hooper* sought to distinguish between actions brought by third parties and actions brought by the fleeing suspect. "Since in this case, it was the pursued suspect himself who was fatally injured, we find the line of cases represented by *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, to be distinguishable on their facts. Those cases arose in the factual context of injured innocent third parties. Review of this judgment requires a renewed examination of the broad *Kisbey* statement of the scope of section 845.8." (*Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d at p. 451.) The court found "compelling reasons to apply a broader rule of immunity to claims brought by the subject of the police pursuit, the suspect himself or his heir, than to those made by innocent injured third parties. [Fn. omitted.] The policy reasons which some courts (e.g., *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d at pp. 656-657) have cited to justify a reading of section 845.8 that is limited by the provisions of Vehicle Code section 17001 do not apply with equal force to the suspect who led the chase, as they do to the hapless third party struck down in its wake." (*Id.* at p. 454.)

The *Hooper* court found "further support for [its] views in the recently enacted provisions of Vehicle Code section 17004.7" because that statute and the legislative history "indicate the members of the Legislature gave some consideration to suspect-caused accidents and resulting lawsuits by suspects as a problem needing correction and took action to increase the immunity afforded to public entities as a result." (*Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d at p. 456.)

There are several difficulties with the analysis of *Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d 442. Its distinction between actions brought by third parties and by the fleeing suspect finds no support in the language of either section 845.8 or Vehicle Code section 17001. Moreover, as discussed above, the adoption of Vehicle Code section 17004.7, rather than supporting the result of *Hooper,* does the contrary. The Legislature *did,* as suggested in *Hooper,* give consideration to this general question, and did take action to increase the immunity afforded to public entities. Unfortunately for Richmond's position, however, that action did not include entirely overruling *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, and its progeny, or

distinguishing between actions brought by suspects from those brought by third parties. The increase in immunity granted by Vehicle Code section 17004.7 does not cover this situation.

To the extent *Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d 442 (or, for that matter, the other cases), relies on conflicting policy concerns that, too, is unpersuasive. As these cases demonstrate, one can make policy arguments on both sides, but this is a question of statutory interpretation. It is not for us to substitute our public policy judgment for that of the Legislature. (*AIU Ins. Co.* v. *Superior Court* (1990) 51 Cal.3d 807, 818 [274 Cal.Rptr. 820, 799 P.2d 1253].) If the Legislature is dissatisfied with the policy reflected in the current statutes, it can modify them at any time.

For these reasons, although we do not necessarily agree with all the analysis of *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, and its progeny, we conclude that by enacting Vehicle Code section 17004.7 in response to that line of cases, the Legislature acquiesced in them to the extent it did not overrule them. If they are to be overruled further, or distinguished in the manner suggested in *Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d 442, it is up to the Legislature, and not the courts, to do so.

We thus hold that Government Code section 845.8 does not provide immunity to public entities for liability that is predicated on Vehicle Code section 17001. The superior court erred in finding otherwise. *Hooper* v. *City of Chula Vista, supra,* 212 Cal.App.3d 442, is disapproved to the extent it is inconsistent with these views. As the only issue before us is whether section 845.8 provides immunity—the only basis upon which the superior court granted summary judgment in favor of Richmond—we express no other opinion regarding the merits of this action.

### DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Kennard, J., and Werdegar, J., concurred.

**MOSK, J.**—I concur in the result but not the reasoning of the majority. It seems to me the majority put the cart before the horse: they devote their opinion to resolving a perceived conflict between the immunity statute invoked by defendant and the liability statute invoked by plaintiff, but in my view we should first determine whether the immunity statute even *applies* to the facts of this case. If it does not, as I believe, there is no conflict to

resolve. And these are not simply two equivalent ways of reaching the same result. The majority's approach requires us to construe two disparate statutes found in two different codes, and to answer such complex and difficult questions as how the statutes may be reconciled, whether a body of case law dealing more or less with the issue is correct, and what is the relevance, if any, of recent legislative activity in the field. My approach is much simpler: we need consider only one statute and decide only whether it means what it says. Judicial restraint, I submit, counsels the latter path.

Defendant contends it is immune under subdivision (b) of Government Code section 845.8.[1] Insofar as relevant here, section 845.8 provides: "Neither a public entity nor a public employee is liable for:

". . . . . . . . . . . . . . . . .

"(b) Any injury *caused by:*

"(1) An escaping or escaped prisoner;

"(2) An escaping or escaped arrested person; or

"(3) A person resisting arrest." (Italics added.)

Our task is to determine the intent of the Legislature in enacting the statute. "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning. [Citations.] When ' "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." ' [Citations.]" (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

Here the Legislature provided that section 845.8 applies to injuries *caused by* escapees or persons resisting arrest. Giving the emphasized words their usual and ordinary meaning, we see that the evident intent of the statute is to relieve the government of liability in the not infrequent situation in which an escapee or person resisting arrest negligently or intentionally injures a third party who gets in his way. (See, e.g., *City of Sacramento* v. *Superior Court* (1982) 131 Cal.App.3d 395 [182 Cal.Rptr. 443].) The case at bar, however, presents a different and more uncommon scenario: the complaint alleges that it was the pursuing police officer who negligently or intentionally injured plaintiff, the suspect being pursued. Thus the injury was not "caused by" the suspect but "caused to" him; it is plaintiff, after all, who is the quadriplegic.

Nor can it be argued that here the injury was somehow "caused by" plaintiff because he ran away rather than submit to detention. We cannot

---

[1] All unlabelled statutory references are to the Government Code.

ascribe so strained a meaning to the Legislature. While it is true that occasionally an injury may be caused both by and to the same person (i.e., a self-inflicted wound), in the vast majority of cases an injury that is "caused by" one person is "caused to" another: the entire law of torts has developed in response to such injuries. The Legislature, of course, legislates for the generality of cases; if it intends its words to have a special meaning, it says so. Section 845.8 does not.[2]

The argument also proves too much. In cases in which a public entity is held liable when a third party is wrongfully injured by a police officer in pursuit of a fleeing suspect (e.g., *Brummett* v. *County of Sacramento* (1978) 21 Cal.3d 880 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858]), that suspect could likewise be said to have "caused" the pursuit by failing to submit to police authority. Yet no one contends that section 845.8 would apply to such cases.

Most important, the Tort Claims Act shows on its face that the Legislature was well aware of the distinction between the ordinary meanings of "caused by" and "caused to." It is "a cardinal rule of statutory construction" that " 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352]; accord, *People* v. *Hull* (1991) 1 Cal.4th 266, 272 [2 Cal.Rptr.2d 526, 820 P.2d 1036]; *Nickelsberg* v. *Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288, 298 [285 Cal.Rptr. 86, 814 P.2d 1328].) "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 459 [279 Cal.Rptr. 834, 807 P.2d 1063], and cases cited.)

No less than three other statutes in the same chapter of the Tort Claims Act as section 845.8 (ch. 3, defining liabilities and immunities for "Police and Correctional Activities") expressly speak of injuries that are *both* "caused by" *and* "caused to" the class of persons in question. Thus section 844.6, subdivision (a), declares that a public entity is not liable for "(1) An injury proximately *caused by* any prisoner. [¶] (2) An injury *to* any prisoner." Again, section 854.8, subdivision (a), declares that a public entity is not liable for "(1) An injury proximately *caused by* a patient of a mental institution. [¶] (2) An injury *to* an inpatient of a mental institution." Finally,

---

[2]In any event, there appears to have been no need for the Legislature to provide a special statutory immunity for cases like the present. If an escapee or person resisting arrest were so negligent that he could be found to be a proximate cause of his own injury, ordinary principles of comparative fault would be sufficient to absolve the public entity from liability for that part of the injury "caused by" his conduct.

section 856.2, subdivision (a), declares that neither a public entity nor a public employee is liable for "(1) An injury *caused by* an escaping or escaped person who has been confined for mental illness or addiction. [¶] (2) An injury *to*, or the wrongful death of, an escaping or escaped person who has been confined for mental illness or addiction." (All italics added.) The Legislature obviously knows how to draw this simple distinction.

Indeed, when the Legislature amended the last-quoted statute to add the reference to injuries "caused to" an escaping mental patient, it also amended *in the same bill* the statute now in issue (§ 845.8), but did not add similar language thereto. Thus as originally enacted in 1963, section 856.2 provided immunity only for injuries "caused by" an escaping mental patient. In its 1970 recommendations to the Legislature the Law Revision Commission emphasized the discrepancy: "Government Code section 856.2 presently confers immunity only as to injuries *caused by* an escaping or escaped mental patient. Injuries *sustained by* the escapee are not covered." (Recommendations Relating to Sovereign Immunity, No. 10, Revisions of the Governmental Liability Act (Dec. 1969) 9 Cal. Law Revision Com. Rep. (1969) p. 827, italics in original.) The commission recommended that section 856.2 be amended to extend the immunity to injuries "caused *to*" escaping mental patients, and the Legislature promptly did so. (Stats. 1970, ch. 1099, § 16, p. 1960.) In another section of the same bill, however, the Legislature also amended the statute now in issue, section 845.8, to immunize injuries "caused by" escaping arrestees or persons resisting arrest, but did not similarly extend the immunity to injuries "caused to" such persons.

Applying the cardinal rule of statutory construction cited above, we see that in order to harmonize the wording of these closely related statutes we must infer that the Legislature did not intend section 845.8 to immunize public entities and employees for injuries "caused to" escaping prisoners or arrestees or persons resisting arrest; to do otherwise would render superfluous the express references in the three companion statutes to injuries "caused to" the classes of persons there in question.

The distinctions thus drawn by the Legislature, moreover, are eminently reasonable. It makes sense for the Legislature to be concerned about public liability for injuries caused *to* prison inmates (§ 844.6) and *to* mental patients (§§ 854.8, 856.2), because the risk of such injuries is substantial. It is a fact of life that under contemporary prison conditions inmates run significant risks of suffering intentional injury at the hands of other inmates and unintentional injury by understaffed or overworked prison personnel. It is also a fact of life that because of their impaired faculties mental patients run significant risks of unintentionally hurting themselves or each other, and

even of intentionally hurting themselves unless restrained. By contrast, escapees and persons resisting arrest do not run such risks, and injuries caused *to* them are a much smaller threat to public liability than injuries caused *by* them. It is therefore to be expected that the statute immunizing public entities for their acts—section 845.8—speaks only of the latter kind of injury, as distinguished from the statutes involving prison inmates and mental patients.

In my view the foregoing analysis is the proper ground on which to decide this appeal: as a matter of statutory construction, section 845.8 is simply inapplicable to the facts alleged. Rather, on an appropriate evidentiary showing Richmond may be held liable under the general rule of respondeat superior (§ 815.2, subd. (a)) and the specific statutory liability of a public entity for injury caused by negligent or wrongful operation of a motor vehicle by its employee (Veh. Code, § 17001). (See *Brummett* v. *County of Sacramento*, *supra*, 21 Cal.3d 880.) For this reason Richmond was not entitled to summary judgment, and the Court of Appeal correctly so held.

Baxter, J., concurred.

**GEORGE, J.,** Dissenting.—Government Code section 845.8, subdivision (b) (section 845.8), provides that a public entity is immune from liability for injuries caused by a person resisting arrest or detention.[1] The majority holds that this statute "does not provide immunity to public entities for liability that is predicated on Vehicle Code section 17001," which provides that a public entity is liable for injuries caused by a public employee's negligent or wrongful act or omission in the operation of a motor vehicle.[2] (Maj. opn., *ante*, at p. 1165.) I respectfully disagree.

The majority recites several persuasive reasons why the immunity provided by section 845.8 *should* apply when the alleged liability of the public entity is predicated upon Vehicle Code section 17001, and why the decisions in *Duarte* v. *City of San Jose* (1980) 100 Cal.App.3d 648 [161 Cal.Rptr. 140]

---

[1] Section 845.8 provides: "Neither a public entity nor a public employee is liable for: [¶] . . . . [¶] (b) Any injury caused by: [¶] (1) An escaping or escaped prisoner; [¶] (2) An escaping or escaped arrested person; or [¶] (3) A person resisting arrest." We held in *Kisbey* v. *State of California* (1984) 36 Cal.3d 415, 419 [204 Cal.Rptr. 428, 682 P.2d 1093] that the statute applies as well to injuries caused by a person resisting a temporary detention.

[2] Vehicle Code section 17001 provides: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

and its progeny were wrongly decided.[3] The majority concludes, however, that we are precluded from overruling *Duarte* and the later cases because, by enacting Vehicle Code section 17004.7, which grants a limited immunity for injuries arising from vehicular pursuits,[4] the Legislature purportedly "acquiesced in [those decisions] to the extent it did not overrule them." (Maj. opn., *ante*, at p. 1165.) Again, I respectfully disagree.

In *Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, a police officer arrested a suspect for driving under the influence of alcohol and left him, unattended and unhandcuffed, in the backseat of a patrol vehicle with the motor running. The suspect got into the driver's seat of the patrol vehicle and sped off. A high-speed chase ensued, which ended when the suspect drove into the front yard of the plaintiff's residence, striking and seriously injuring the plaintiff.

The superior court granted summary judgment in favor of the city, ruling, in part, that the city was immune pursuant to section 845.8. The Court of Appeal reversed, stating that application of the immunity provision "would thwart the purpose of [Vehicle Code] section 17001." (*Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, 656.) I find this reasoning unpersuasive.

Government Code section 815 states: "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The legislative committee comment on this statute explains: "In the absence of a constitutional requirement, public entities may be held liable only if a statute . . . is found declaring them to be liable." (Legis. committee com., 32 West's Ann. Gov. Code (1980 ed.) foll. § 815, p. 168.) Under the system created by the Legislature, governmental immunity statutes thus invariably "thwart" statutes imposing governmental liability. That is the purpose of such immunity statutes.

The decision in *Duarte* next considered "the public policy underlying the enactment of Government Code section 845.8, as articulated in the Law

---

[3]The decision in *Duarte* was followed in *Stark* v. *City of Los Angeles* (1985) 168 Cal.App.3d 276 [214 Cal.Rptr. 216] and *City of San Jose* v. *Superior Court* (1985) 166 Cal.App.3d 695 [212 Cal.Rptr. 661].

[4]Vehicle Code section 17004.7, subdivision (b), provides: "A public agency employing peace officers which adopts a written policy on vehicular pursuits complying with subdivision (c) is immune from liability for civil damages for personal injury to or death of any person or damage to property resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle."

Revision Commission comment to that section: 'The extent of the freedom that must be accorded to prisoners for rehabilitative purposes and the nature of the precautions necessary to prevent escape of prisoners are matters that should be determined by the proper public officials unfettered by any fear that their decisions may result in liability.'" (*Duarte* v. *City of San Jose, supra,* 100 Cal.App.3d 648, 656.) The *Duarte* opinion recognized that "[a] colorable argument can be made that what is involved here is just what the statute was enacted to immunize: a decision as to the proper precautions necessary to prevent escape." (*Id.* at p. 657.) Instead, the court in *Duarte* reached the opposite conclusion: "What is alleged here is not that the police used insufficient force to restrain [the arrestee], but rather that they negligently operated police vehicles." (*Ibid.*) That is incorrect. The alleged police negligence in *Duarte* included allowing the arrestee to escape (he was left unattended and unhandcuffed), as well as providing access to a police vehicle as a means of escape and negligently operating other police vehicles during the ensuing chase. Although allowing the arrestee to escape in a police vehicle, rather than on foot, certainly increased the likelihood that the arrestee would cause injury, the same would be true had the arrestee been allowed to escape in his own vehicle or to obtain a weapon. In any of these situations, including the circumstances present in *Duarte*, the public entity would be immune under section 845.8 for any injuries caused by an arrestee whom the police negligently had allowed to escape.

The decision in *Duarte* also fails to consider that, unlike other statutes, section 845.8 does not expressly exempt claims arising under Vehicle Code section 17001 from the immunity provided by section 845.8. By contrast, Government Code sections 844.6 (immunity for injuries caused by or to a prisoner), 850.4 (immunity for injuries "resulting from the condition of fire protection or firefighting equipment or facilities"), and 854.8 (immunity for injuries caused by or to a patient of a mental institution) all expressly state that their immunity provisions do not apply if liability is predicated upon "Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code." This demonstrates that the Legislature, when it has wished to exempt Vehicle Code section 17001 from the scope of an immunity provision, has stated that intention expressly and unambiguously. The circumstance that section 845.8 contains no similar limitation is a compelling indication that its immunity provisions *do* apply when liability is predicated upon Vehicle Code section 17001.

The majority, recognizing the flaws in *Duarte*, concludes that this court may not overrule that decision because the Legislature, by enacting Vehicle Code section 17004.7, partially ratified the decisions in *Duarte* and its progeny. I disagree.

Vehicle Code section 17004.7 provides limited immunity to a public entity that has adopted a written policy governing vehicular pursuits, from liability for damages "resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle." (Veh. Code, § 17004.7, subd. (b).) The majority reasons that, because Vehicle Code section 17004.7 provides immunity only if the public entity has adopted a written pursuit policy, the Legislature effectively overruled *Duarte* only in part and, therefore, must be deemed to have ratified that decision to the extent it was not overruled. This reasoning is flawed in several respects.

The majority's reasoning is based upon the erroneous premise that the enactment of Vehicle Code section 17004.7 overruled in part the decision in *Duarte*. To the contrary, there is nothing to indicate that this was the Legislature's intention, and the enactment of Vehicle Code section 17004.7 did not have that effect. *Duarte* held that the immunity provision of section 845.8 did not apply if liability was predicated under Vehicle Code section 17001 upon a public employee's negligent operation of a motor vehicle. The enactment of Vehicle Code section 17004.7 did not alter this holding; it did not amend either section 845.8 or Vehicle Code section 17001 or specify the relationship between these two statutes. Instead, Vehicle Code section 17004.7, which was enacted seven years after *Duarte* was decided, provided a limited immunity for damages arising from vehicular pursuits.

The scope of section 845.8 is not limited to vehicular pursuits, but applies to injuries caused in any manner by fleeing suspects using any form of locomotion. Even when liability is predicated under Vehicle Code section 17001 upon the negligent operation of a motor vehicle, the injury will not arise invariably from a vehicular pursuit, as the circumstances in *Duarte* suggest. The reference in *Duarte* to the negligent operation of a vehicle was not limited to the conduct of the pursuit, but included the act of leaving unattended an unhandcuffed arrestee in a police vehicle with the motor running. Thus the reasoning and result in *Duarte* would have been the same had the arrestee caused the injury to the plaintiff before the police commenced their pursuit.

Another indication that Vehicle Code section 17004.7 was not enacted in response to *Duarte*'s interpretation of section 845.8 is the circumstance that the applicability of the two immunity statutes is triggered by different types of events. Section 845.8 provides immunity from liability for damages "caused by" a fleeing suspect. Vehicle Code section 17004.7 provides

immunity from liability for damages "resulting from the collision of a vehicle being operated by" a fleeing suspect. This difference is significant. In order for section 845.8 to apply, the fleeing suspect must be the cause of the damage, but the damage need not result from a collision of a vehicle being driven by the suspect. For example, if a suspect fleeing on foot ran directly in front of a pursuing police vehicle, causing the vehicle to swerve into a parked vehicle in order to avoid striking the suspect, the damage to the parked vehicle would be caused by the fleeing suspect and the public entity would be immune under section 845.8, but not under Vehicle Code section 17004.7. (*Billester* v. *City of Corona* (1994) 26 Cal.App.4th 1107, 1124 [32 Cal.Rptr.2d 121] ["Section 17004.7 does not cover accidents in which victims are injured by peace officers' vehicles during pursuits of suspects."].) Conversely, if a suspect who was the object of a vehicular pursuit was forced off the road by a police vehicle and struck a parked vehicle, the immunity provided in section 845.8 might not apply, because the damage was not caused by the suspect—but the immunity provided in Vehicle Code section 17004.7 would apply (if the public entity had adopted a written pursuit policy), because the damage resulted from the collision of the vehicle driven by the suspect.

A further indication that the Legislature did not intend the enactment of Vehicle Code section 17004.7 to overrule, in whole or in part, *Duarte*'s interpretation of section 845.8, is that Vehicle Code section 17004.7 begins by stating: "The immunity provided by this section is in addition to any other immunity provided by law." The Legislature made clear, therefore, that its provision of a limited immunity in Vehicle Code section 17004.7 was not intended to limit the scope of other immunity statutes, such as section 845.8. The Legislature's pronouncement that the immunity provided in Vehicle Code section 17004.7 was in addition to any other immunity provided by law is incompatible with the majority's conclusion that the enactment of Vehicle Code section 17004.7 ratified the holding in *Duarte* limiting the scope of the immunity provided in section 845.8.

The majority relies upon our opinion in *People* v. *King* (1993) 5 Cal.4th 59 [19 Cal.Rptr.2d 233, 851 P.2d 27] for the proposition that we are not free to overrule the decisions in *Duarte* and its progeny, because the Legislature, by enacting Vehicle Code section 17004.7, "modified the law stated in those decisions, and impliedly approved them to the extent it did not modify them." (Maj. opn., *ante*, at p. 1162.) The *King* case is readily distinguishable, however, and does not support the majority's position.

*King* examined Welfare and Institutions Code section 1731.5, which states that a juvenile tried as an adult is ineligible for commitment to the California

Youth Authority (CYA) if he or she is sentenced to "imprisonment for life." This court held in *In re Jeanice D.* (1980) 28 Cal.3d 210 [168 Cal.Rptr. 455, 617 P.2d 1087] that the sentence for first degree murder of "25 years to life" is *not* a life sentence within the meaning of that statute. Within a year, the Legislature passed emergency legislation amending Welfare and Institutions Code section 1731.5 to make ineligible for CYA commitment only persons 18 years or older who commit first degree murder. *King* observed that an earlier version of the bill would have excluded from CYA all persons who commit first degree murder, and held that the amendment of Welfare and Institutions Code section 1731.5 "effectively overrules *Jeanice D.* as applied to persons between the ages of 18 and 21 years, but it also impliedly reaffirms the *Jeanice D.* rule as applied to 16- and 17-year-olds." (*People* v. *King*, *supra*, 5 Cal.4th 59, 67.) This court concluded that the "Legislature apparently intended to make adult, but not juvenile, murderers ineligible for CYA." (*Ibid.*)

The emergency legislation at issue in *King* clearly was enacted in response to this court's decision in *Jeanice D.*, and clearly manifested a legislative judgment that persons 18 years of age or older should be barred from CYA commitment, but that 16- and 17-year-olds should not be barred. The legislation at issue in the present case does not appear to have been enacted in response to *Duarte* (it was enacted seven years after the decision in *Duarte* was filed) and does not evidence a legislative determination concerning the interplay between Vehicle Code section 17001 and Government Code section 845.8. To the contrary, section 17004.7 expressly states that it was not intended to limit the scope of any other applicable immunity statute, and its sole purpose appears to be to grant public entities an additional, limited immunity for injuries resulting from vehicular pursuits. The reasoning used in *King* simply does not apply in the present case.

In my view, this court is not bound to accept the flawed reasoning in *Duarte* v. *City of San Jose*, *supra*, 100 Cal.App.3d 648, and its progeny. For the reasons explained above, I would overrule those decisions and hold that the immunity provided to public entities in section 845.8 from liability for damages caused by a fleeing suspect applies when liability is predicated under Vehicle Code section 17001 upon the negligent or wrongful operation of a motor vehicle by a public employee.

Unlike the majority, therefore, I would reach the issue whether the immunity provided by section 845.8 for damages caused by a fleeing suspect applies under the circumstances of the present case.

Justice Mosk, in his concurring opinion, concludes that section 845.8 does not apply in the present case because "the injury was not 'caused by' the

suspect but 'caused to' him . . . ." (Conc. opn., *ante*, at p. 1166.) Although Justice Mosk acknowledges that "occasionally an injury may be caused both by and to the same person (i.e., a self-inflicted wound)" (*id.* at p. 1167), he concludes that the Legislature did not intend that section 845.8 apply in such circumstances.

Justice Mosk reasons that it cannot be said that, because plaintiff refused to submit to detention, he caused his own injury within the meaning of section 845.8. (Conc. opn., *ante*, at p. 1166.) I agree. Such an interpretation of section 845.8 would stretch the language of the statute beyond its plain meaning and result in startling consequences. If section 845.8 were held to apply whenever a suspect failed to submit to custody, the public entity would be immunized for *any* injury sustained by either the fleeing suspect or a third person, even if law enforcement officers acted negligently, used excessive force, or committed an intentional tort. Such an interpretation would render superfluous the provisions of Vehicle Code section 17004.7, because the public entity would be immune from liability for any injury resulting from a vehicular pursuit, whether or not the public entity had promulgated a pursuit policy or the damage resulted from a collision of a vehicle driven by the suspect. Nothing in section 845.8 suggests that the Legislature intended such results.

But recognizing that a suspect does not cause his or her own injuries within the meaning of section 845.8 simply by failing to submit to an arrest or detention does not determine whether the statute applies in other circumstances, such as when a fleeing suspect causes a collision in which the suspect is injured.

In my view, the immunity provided in section 845.8 clearly applies when a fleeing suspect causes his or her own injury.[5] This point, however, is of only theoretical interest, as Justice Mosk appears to recognize. (Conc. opn., *ante*, at p. 1167, fn. 2.) In such circumstances, the immunity provided by

---

[5]Justice Mosk observes that "three other statutes in the same chapter of the Tort Claims Act as section 845.8" expressly provide immunity for injuries both "caused by" and caused "to" specified classes of persons, and concludes "[t]he Legislature obviously knows how to draw this simple distinction." (Conc. opn., *ante*, at pp. 1167-1168.) Of course there is a distinction between an injury "caused by" a person and an injury "caused to" that person, but it does not follow, as Justice Mosk suggests, that the addition of a provision providing immunity for injuries "caused to" a person described in such a statute demonstrates that the phrase "caused by" in that statute does not include self-inflicted injuries.

A provision providing immunity for injuries "caused by" a specified class of persons includes (within the common meaning of that phrase) self-inflicted injuries. The effect of adding a provision providing immunity for injuries "caused to" the specified class of persons is to afford the public entity immunity from liability when the injury is caused by the public

section 845.8 is superfluous, because in any event there is no basis for holding a public entity liable for a fleeing suspect's self-inflicted injury.

In the case before us, for example, whether the public entity is immune under Government Code section 845.8, and whether the public entity (but for section 845.8) would be liable under Vehicle Code section 17001, are two sides of the same coin. The public entity is immune under section 845.8 if plaintiff caused his own injuries, but the public entity is liable under Vehicle Code section 17001 only if plaintiff's injuries were caused by the police officer's negligent or wrongful operation of a motor vehicle.

In the present case, therefore, whether viewed from the perspective of whether section 845.8 provides immunity or whether Vehicle Code section 17001 imposes liability, the pertinent question is the same: was the collision in which plaintiff was injured caused by plaintiff or, instead, by the police officer driving the patrol vehicle? Because a majority of the court does not address this issue, it would serve little purpose for me to espouse at length my individual views concerning this issue, as it affects only the parties in the present case. I do, however, offer the following general observations regarding the resolution of such issues.

The collision in which plaintiff was injured occurred late at night, within seconds after plaintiff ran into the street, at full speed, in the path of the patrol vehicle, attempting to evade capture. Whether the police officer driving the patrol vehicle acted reasonably must be determined in light of the quickly changing, emergency circumstances encountered by the officer. As the United States Supreme Court has observed in the related context of determining whether the force used to effect a seizure is reasonable under the Fourth Amendment: "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving . . . ." (*Graham* v. *Connor* (1989) 490 U.S. 386, 396-397 [104 L.Ed.2d 443, 455-456, 109 S.Ct. 1865].) The high court recognized that the reasonableness of an officer's actions "must be judged from the perspective

---

entity or a third person, in addition to the immunity already provided for self-inflicted injuries.

Although the circumstance that section 845.8 does not contain a provision providing immunity for injuries "caused to" a fleeing suspect might suggest that section 845.8 does not provide immunity for injuries caused to the suspect by the public entity or a third person, it does not support the conclusion reached by Justice Mosk that the Legislature meant to limit the scope of the phrase "caused by" to exclude self-inflicted injuries.

of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (*Id.* at p. 396 [104 L.Ed.2d at p. 455].)

For the foregoing reasons, I dissent.