[No. G028239. Fourth Dist., Div. Three. Nov. 26, 2002.]

HOA NGUYEN et al., Plaintiffs and Appellants, v.
CITY OF WESTMINSTER, Defendant and Respondent.

## COUNSEL

Law Offices of Greene, Broillet, Taylor, Wheeler & Panish, John C. Taylor and Adam K. Shea for Plaintiffs and Appellants.

Jones & Mayer and Harold W. Potter for Defendant and Respondent.

## OPINION

**RYLAARSDAM, J.**—The pursuit of a stolen vehicle by police officers for defendant City of Westminster resulted in a crash seriously injuring Khuong Van Nguyen. He and his wife, plaintiff Hoa Nguyen, sued defendant for negligence, and when Nguyen died during the pendency of the action, his heirs filed an amended complaint adding a wrongful death cause of action. Defendant successfully moved for summary judgment, claiming Vehicle Code section 17004.7 (section 17004.7) immunized it from liability. Plaintiffs appeal. We reluctantly conclude the trial court properly found section 17004.7 applies in this case and affirm the judgment.

### FACTS

One afternoon, Westminster police officers spotted a stolen van and attempted to stop the vehicle. The van fled and the police pursued it. Officer Ingwerson took the lead in the pursuit.

The van entered a high school parking lot just as classes had ended, and Ingwerson followed it onto the school's premises. Both vehicles traversed the parking lot and an adjacent athletic field. The van headed towards a gate leading to a second parking lot where several students had congregated. Ingwerson's car twice rammed the van. The van continued toward the gate, hit a pool of water, and struck a trash dumpster, propelling the latter object into Nguyen who was standing nearby.

Before this incident, defendant's police department adopted a policy concerning emergency vehicle operations which included vehicle pursuits.

The pursuit policy covered the initiation and supervision of pursuits, the status and number of units allowed to participate in them, the department's participation in pursuits with other jurisdictions, plus the termination of pursuits.

The policy's initial sentence declares, "[v]ehicle pursuits should only be initiated when an officer has reason to stop a vehicle and the driver fails to stop." (§ 44.4.4.) Paragraph A.2.a. of this section lists 11 factors for "each officer and supervisor involved in a vehicle pursuit" to "carefully and continuously consider . . . in determining whether to initiate, limit, discontinue or otherwise control the pursuit: [¶] (1) The seriousness of the suspected offense involved; [¶] (2) The safety of the public and pursuing officers; [¶] (3) Vehicular and pedestrian traffic in the area; [¶] (4) The location of the pursuit; [¶] (5) Speeds involved; [¶] (6) Time of day; [¶] (7) Weather conditions; [¶] (8) Road conditions; [¶] (9) Familiarity of officers and supervisors with the area of the pursuit; [¶] (10) Quality of radio communications; and [¶] (11) The capabilities of the police vehicles involved." In paragraph A.2.b., the policy declares "personnel . . . should exercise their sound discretion and judgment when following these guidelines in an effort to provide for the safe conduct of the pursuit," but recognizes "such activities are not always predictable and decisions made pursuant to this policy will be evaluated according to the totality of the circumstances reasonabl[y] available at the time of the pursuit."

DISCUSSION

██ A public employee is not civilly liable for injuries or death "resulting from the operation, in the line of duty, of an authorized emergency vehicle . . . in the immediate pursuit of an actual or suspected violator of the law . . . ." (Veh. Code, § 17004.) However, since Vehicle Code section 17001 declares "[a] public entity is liable for death or injury . . . proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment," a public entity may be held liable for injuries caused to a third party during a police pursuit even though the individual officer is immune. (*Brummett v. County of Sacramento* (1978) 21 Cal.3d 880, 883-885 [148 Cal.Rptr. 361, 582 P.2d 952, 4 A.L.R.4th 858]; *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116-117 [113 Cal.Rptr.2d 90].)

Section 17004.7 creates a limited exception to the general rule of public entity liability for vehicle pursuits. Under it, "[a] public agency employing peace officers which adopts a written policy on vehicular pursuits complying with subdivision (c) is immune from liability for civil damages for personal

injury to or death of any person or damage to property resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle." (§ 17004.7, subd. (b).) Subdivision (c) lists the "minimum" elements a qualifying pursuit policy must contain: "(1) It provides that, if available, there be supervisory control of the pursuit. [¶] (2) It provides procedures for designating the primary pursuit vehicle and for determining the total number of vehicles to be permitted to participate at one time in the pursuit. [¶] (3) It provides procedures for coordinating operations with other jurisdictions. [¶] (4) It provides guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated." (§ 17004.7, subd. (c).) The determination of whether a particular policy satisfies these minimum requirements presents a legal question for a court to decide. (§ 17004.7, subd. (d).)

■ Although we question whether the statute in its current form achieves all of its goals, section 17004.7 is intended to encourage public agencies to adopt clear and specific standards that are intended to reduce the frequency of accidents, but leave to the agencies the decision as to when to conduct vehicle pursuits without the threat of civil liability. (*Weaver v. State of California* (1998) 63 Cal.App.4th 188, 200 [73 Cal.Rptr.2d 571]; *Colvin v. City of Gardena* (1992) 11 Cal.App.4th 1270, 1278, 1282-1283 [15 Cal.Rptr.2d 234].) To qualify under section 17004.7, "a vehicular pursuit policy 'must do more than simply advise the pursuing officers to exercise their discretion and use their best judgment.' [Citation.] Instead, '. . . the policy must control and channel the pursuing officer's discretion by providing objective standards by which to evaluate whether the pursuit should be initiated or terminated. At the very least it should instruct and direct the officers on what factors should be considered in deciding whether to pursue the fleeing suspect.' [Citation.]" (*Billester v. City of Corona* (1994) 26 Cal.App.4th 1107, 1119 [32 Cal.Rptr.2d 121].)

■ Focusing on the introductory sentence, plaintiffs contend defendant's policy does not satisfy the statutory requirements because it fails to provide sufficient guidelines on when to either initiate or terminate a pursuit. In *Colvin v. City of Gardena, supra,* 11 Cal.App.4th 1270, the appellate court found a vehicle pursuit policy containing similar language, without more, to be inadequate. *Colvin* held Gardena's policy "clothe[d] its officers with maximum discretion and flexibility," and "blatantly eschew[ed] setting forth such obvious factors, inter alia, as weather, visibility, vehicular and pedestrian traffic, surface and other roadway conditions, speed, experience of the

officers, nature of the offense, capacity of police vehicle, and distance travelled." (*Id.* at p. 1285.) *Colvin* thus concluded "Gardena's pursuit policy fails to advance the Legislature's purpose of promoting public safety through the adoption of specific pursuit guidelines." (*Ibid.*) *Payne v. City of Perris* (1993) 12 Cal.App.4th 1738 [16 Cal.Rptr.2d 143] also invalidated a pursuit policy substantially identical to the one at issue in *Colvin*: "A policy which merely memorializes the unfettered discretion to initiate or terminate a pursuit or which allows each officer to use his or her own subjective standards for determining when a pursuit should be initiated, continued or terminated fails to provide any entity control. . . . [¶] . . . At the very least it should instruct and direct the officers on what factors should be considered in deciding whether to pursue the fleeing suspect." (*Id.* at p. 1747, fn. omitted.)

Unlike *Colvin* and *Payne*, defendant's policy directs the supervising officer and the officers participating in a pursuit to "carefully and continuously consider" 11 factors "in determining whether to initiate, limit, discontinue or otherwise control the pursuit." The factors listed include many of those found absent in the policy confronted by the *Colvin* court. For this reason, plaintiffs' reliance on *Colvin v. City of Gardena, supra,* 11 Cal.App.4th 1270 is unavailing.

In *McGee v. City of Laguna Beach* (1997) 56 Cal.App.4th 537 [65 Cal.Rptr.2d 506], this court approved a pursuit policy "list[ing] factors pursuing officers should consider in evaluating whether to begin or abandon a pursuit," which included the "seriousness of the offense, time of day, traffic and weather conditions, speed, danger to officers and others, and other methods of arrest." (*Id.* at pp. 543-544.) Other factors mentioned were " '[e]quipment malfunction or concerns' . . . darkness, fog, slick pavement, unfamiliar areas, and the distance between the pursuing officers and the fleeing suspects." (*Id.* at p. 544.)

*McGee* also rejected the argument that a general statement in the Laguna Beach policy stating vehicle pursuits ". . . 'are not always predictable' . . . ," and conduct by officers related to the pursuit ". . . 'shall be considered discretionary' " invalidated the entire policy. (*McGee v. City of Laguna Beach, supra,* 56 Cal.App.4th at p. 544.) We held the foregoing provision "does not render the rest of the policy [language] nugatory. Contrary to plaintiffs' claim, it does not tell officers to use their 'sole' or 'unfettered' discretion and disregard everything else." (*Ibid.*)

While poorly organized, and neither as extensive nor as detailed as the pursuit policy considered in *McGee*, defendant's policy lists specific and

objective factors police personnel must consider when deciding to begin, continue, control, or end a vehicle pursuit. The policy's general language does not negate the consideration of these factors or permit officers to rely on their sole and unfettered discretion during a pursuit.

Plaintiffs' opposition to the summary judgment motion included the declaration of Lou Reiter, a consultant on police training and management. Reiter opined Ingwerson's decision to pursue the stolen van on school grounds while students were present constituted unreasonable and reckless conduct since "there were no benefits to continuing" the pursuit, "only extreme detriments and severe liability to anyone on the school grounds." In their opening brief, plaintiffs cite this declaration to support the claim defendant's pursuit policy was insufficient and caused injury.

In effect, plaintiffs argue defendant is not entitled to immunity because Ingwerson failed to comply with the pursuit policy on this occasion. The case law has rejected this argument. "The statute is clear: if the agency adopts a pursuit policy which meets the statutory requirements, then immunity results. The extent to which the policy was implemented in general and was followed in the particular pursuit is irrelevant. . . . We reject as insubstantial appellants' argument that the immunity statute is 'unlawful, if not unconstitutional,' unless given a saving construction that immunity in each case depends on proof the pursuit policy was implemented in general and on the particular occasion." (*Brumer v. City of Los Angeles* (1994) 24 Cal.App.4th 983, 987 [29 Cal.Rptr.2d 515]; see also *McGee v. City of Laguna Beach, supra,* 56 Cal.App.4th at p. 547, fn. 6; *Kishida v. State of California* (1991) 229 Cal.App.3d 329, 335 [280 Cal.Rptr. 62].)

Finally, plaintiffs argue section 17004.7 does not apply in this case because Nguyen "was injured when he was struck by a trash bin during the vehicular pursuit," not the stolen van being pursued by the police. Again, case authority contradicts their claim.

*Weaver v. State of California, supra,* 63 Cal.App.4th 188 rejected arguments that section 17004.7 did not apply to a passenger injured when a pursuing California Highway Patrol officer stopped the fleeing vehicle by striking it with his patrol car. "Appellant's assertions that the statutory immunity only applies to collisions that occur during the course of the actual pursuit and to collisions that do not involve any intentional or deliberate acts of the pursuing police officers are not supported by any statutory language . . . ." (*Id.* at p. 200.) "There is no express statutory requirement that the pursuit by the peace officer be conducted in a particular manner or have a particular type of cause and effect relationship with the collision; the statute

requires that the plaintiff's injuries result from the 'collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer . . . .' [Citation.]" (*Ibid.*)

In *Lewis v. County of Sacramento, supra,* 93 Cal.App.4th 107, the court found section 17004.7 applied when the pursuing police car struck the decedent after he either jumped or fell off a fleeing motorcycle as it crashed to the ground. "[W]e conclude the Legislature intended that immunity applies if [the decedent's] fatal injuries resulted from his jumping off or falling off the motorcycle when [the driver] lost control and it hit the ground or began to hit the ground, and then [the decedent] was struck by the pursuing patrol car. . . . [I]f the motorcycle went down onto the street, i.e., crashed, this would constitute a 'collision' of the motorcycle with the ground within the common meaning of that word. [Citation.] And if [the decedent] jumped off or fell off the motorcycle as it began to crash, certainly it must be said that this 'result[ed]' from the collision, i.e., his jumping off or falling off 'ar[o]se as a consequence, effect' of the collision. [Citation.] For the same reason, if the pursuing patrol car then struck and killed [the decedent] when he jumped off or fell off as the motorcycle crashed in the path of the patrol car, it must be said that [the decedent's] death resulted from the collision of the motorcycle with the ground." (*Lewis,* at pp. 120-121.)

While a factual dispute exists concerning whether the stolen van struck the dumpster because Ingwerson's patrol car rammed it or because the van lost control upon hitting the pool of water, in either event, the van's collision with the dumpster propelled the latter object into Nguyen. As *Lewis* noted, "the critical question is whether the plaintiff's injuries resulted from the collision of a vehicle being operated by a fleeing suspect." (*Lewis v. County of Sacramento, supra,* 93 Cal.App.4th at p. 128.) That is what occurred in this case. Thus, section 17004.7 applies, and the trial court properly granted defendant's motion for summary judgment on this ground.

In so deciding this case, we wish to express our displeasure with the current version of section 17004.7. As noted, one reason for extending immunity to a public entity that adopts a written policy on vehicle pursuits is to advance the goal of public safety. But the law in its current state simply grants a "get out of liability free card" to public entities that go through the formality of adopting such a policy. There is no requirement the public entity implement the policy through training or other means. Simply adopting the policy is sufficient under the current state of the law. (See *Payne v. City of Perris, supra,* 12 Cal.App.4th at pp. 1744-1745, 1747, fn. 3; *Hooper v. City of Chula Vista* (1989) 212 Cal.App.3d 442, 456 [260 Cal.Rptr. 495],

disapproved on another ground in *Thomas v. City of Richmond* (1995) 9 Cal.4th 1154, 1165 [40 Cal.Rptr.2d 442, 892 P.2d 1185].)

Unfortunately, the adoption of a policy which may never be implemented is cold comfort to innocent bystanders who get in the way of a police pursuit. We do not know if the policy was followed in this instance, and that is precisely the point: We will never know because defendant did not have to prove Ingwerson or the other police officers participating in this pursuit followed the policy. It is especially chilling that this particular instance occurred on the property of a school where students were present, but it is also sad that one blameless person was seriously injured as a result of the pursuit, and that his family has no option for redress.

We urge the Legislature to revisit this statute and seriously reconsider the balance between public entity immunity and public safety. The balance appears to have shifted too far toward immunity and left public safety, as well as compensation for innocent victims, twisting in the wind.

### DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

Sills, P. J., and Moore, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 11, 2003.